IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DOUGLAS GENE MAYBERRY,     ]
    Defendant/Petitioner,     ]
                  ]
      vs.     ]      CASE NO. 96cr51-E
                  ]           3:00cv1043
UNITED STATES OF AMERICA,     ]
    Plaintiff/Respondent.     ]

## MOTION TO ALTER/AMEND HABEAS JUDGMENT
## PURSUANT TO FED.RULE CIV.PROC.RULE 60(b)(4)

### TO THE HONORABLE U.S. DISTRICT JUDGE VANZETTA PENN MCPHERSON

COMES NOW the defendant/petitioner, DOUGLAS GENE MAYBERRY, acting pro se and without the aid of counsel, and moves this Honorable Court to vacate and dismiss, pursuant to Fed.R. Civ.Proc.Rule 60(b)(4), the Court II money laundering judgment of the indictment of this cause, and states, under the liberal standard set forth for pro se litigants in Haines v. Kerner, the following:

### STATEMENT OF THE CASE

On August 4, 2000, the defendant/petitioner filed a motion to vacate, set aside, or correct sentence pursuant to Title 28 U.S.C. § 2255, and on June 18, 2004, the Hon. [then] U.S. Magistrate Judge Vanzetta Penn McPherson recommended that the money laundering count was due vacated because "the course-of-conduct theory" money laundering offense as charged was not "an offense defined by Congress." (See Exh. A: Recommendation of the Magistrate Judge, pp. 10-11). This court was therefore without subject matter jurisdiction to adjudicate the matter; foreclosing the judgment is a legal nullity, entitled to be "void."

On September 22, 2004, however, based on factual error (see Exh. B), the district court rejected Judge McPherson's recommendation and denied the habeas petition; and on November 30, 2005, based on legal error (see Exh. C), the Court of Appeals denied the appeal of the petition; [and] thereafter the U.S. Supreme Court denied certiorari review on May 25, 2006.  Thus the instant cause.

## STANDARD OF REVIEW

For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it.  If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties.  It may also arise if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law.  V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979).  [And] when rule providing for relief from void judgment is applicable, relief is not discretionary matter, but is mandatory.  Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Jackson v. Fie Corp., 302 F.3d 515 (5th Cir. 2002)(Although Court of Appeals generally review district court's ruling on motion for relief from judgment being void, there is no margin for consideration of district court's discretion, as judgments themselves are, by definition, either legal nullities or not.    Fed.Rules Civ.Proc.Rule 60(b)(4), 28 U.S.C.A.).

## ARGUMENT

"Pursuant to Rule 60(b)(4) [of the Federal Rules of Civil Procedure], a court may relieve a party from a final judgment or order based on a finding that the judgment is void." In re Optical Technologies, Inc., 425 F.3d 1294, 1306 (11th Cir. 2005)(citing Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). However, it is well-settled that a mere error in the exercise of juridiction does not support relief under Rule 60(b)(4)." Id. (citing Oakes v. Horizon Fin., S.A., 259 F.3d 1315, 1319 (11th Cir. 2001)). Furthermore, as a general matter, parties to a proceeding that do not raise jurisdicitonal objections are entirely barred from attacking jurisdiction collaterally. Id. (citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 377, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940). In the instant matter, all three requirements are met.

The report and recommendation of [then] U.S. Magistrate Judge Vanzetta Penn McPherson fully found the Count II money laundering judgment of this cause due "void." (See Exh. A: Recommendation of the Magistrate Judge, pp. 10-11). "Specifically [the magistrate found], the Government presented to the grand jury, and the grand jury indicted on, a course-of-conduct theory and charge. That theory, not being an offense defined by Congress, does not constitute the same offense as the offense defined by Congress -- an offense comprising only one financial transaction. [United States v.] Conley, 826 F.Supp. [1536] at 1548 [(W.D.Pa. 1993)]; see also [United States v.] Kramer, 73 F.3d [1067] 1073 [(11th Cir. 1996)]. Consequently, Count II of the indictment is defective because it charges no crime at all and this court was without jurisdiction to impose judgment for this offense. [Noting under footnote 6: This jurisdictional defect is properly before the

3

court in a motion filed pursuant to 28 U.S.C. § 2255 as it cannot be waived by a defendant nor is it barred by the doctrine of procedural default.  See United States v. Peter, 310 F.3d 709 (11th Cir. 2002)).] Mayberry's money laundering conviction and the sentence imposed for this conviction are therefore due to be vacated."  Foreclosing the Eleventh Circuit's In re Optical requirements to vacate the petitioner's money laundering judgment, pursuant to Rule 60(b)(4), are all met. The district "court was powerless to enter it."  V.T.A., 597 F.2d at 224.

Absence of subject matter jurisdiction ... render[s] a judgment void.  Kansas City Southern RY. Co. v. Great Lakes Carbon, 624 F.2d 822, 825 (citing, e.g., Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940)).  However, this occurs only where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority.  Id. (citing Stoll v. Gottlieb, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 88 L.Ed. 104 (1938)).  Here, clearly the court's review of the record will conclude a plain usurpation of power resultant the factual error (see Exh. B) of the district court, and the legal error (see Exh. C) of the Court of Appeals that "wrongfully extend[ed the courts'] jurisdiction beyond the scope of its authority."  Stoll, 59 S.Ct. at 137.  Concluding the money laundering judgment of this cause is void.

Therefore the petitioner respectfully requests this Honorable Court vacate and dismiss the money laundering judgment as void, pursuant to Rule 60(b)(4).  Federal Rule of Civil Procedure authorizing court to relieve party from final judgment on ground that judgment is void embodies the principle that, in federal court, defendant is always free to ignore judicial proceedings, risk

4

default judgment, and then challenge that judgment on jurisdictional grounds.  Fed.Rules Civ.Proc.Rule 60(b)(4), 28 U.S.C.A.  <u>Jackson v. Fie Corp.</u>, 302 F.3d 515, 516-17 (5th Cir. 2002).

WHEREFORE, based on the above and foregoing, the petitioner respectfully PRAYS this Honorable Court grant his motion to alter/amend the judgment of his habeas petition, as the money laundering judgment, by definition, is a legal nullity.

Respectfully submitted this ___7th___ day of September, 2006.

Douglas G. Mayberry
70949-012   (A1C)
Post Office Box 7001
Taft, CA  93268-7001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing motion to alter/amend habeas judgment pursuant to Fed.Rule Civ.Proc.Rule 60(b)(4) has been, prepaid postage and properly addressed this _7th_ day of September, 2006, to the United States Attorney's Office, Middle District of Alabama, Post Office Box 197, Montgomery, Alabama  36101-0197.

Douglas G. Mayberry
Petitioner, Pro se

EXHIBIT "A"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA  )
           )
  v.         )   CR. NO. 96-51-N
           )
DOUGLAS GENE MAYBERRY  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. PROCEDURAL HISTORY

This cause is presently before the court on an amended motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255 by Douglas Gene Mayberry ["Mayberry"]. Mayberry challenges his convictions and sentences on two counts of an indictment, the relevant portions of which charged him with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count I), and money laundering the proceeds of the aforementioned conspiracy in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count II).[1] The court sentenced Mayberry to a term of 292 months for conspiracy and 240 months for money laundering conviction. *See Court Doc. No. 542 - Judgment in a Criminal Case.* These sentences were ordered to run concurrently. *Id.*

Mayberry filed a timely notice of appeal, asserting the following grounds:

1. The evidence was insufficient to support either of the convictions;

2. There was a fatal variance in the indictment charging a single drug conspiracy because the evidence presented by the government proved the existence of multiple drug conspiracies, and

---

[1]The third count of the indictment charged Mayberry under the criminal forfeiture statute. This count of the indictment was dismissed on motion of the government on October 10, 1996.

916

3.     The trial court failed to rule on a motion to exclude evidence and a motion for mistrial, thereby depriving the appellate court of jurisdiction.

Although counsel initially filed an *Anders*[2] brief, he subsequently submitted an additional, more substantive, brief in accordance with the Court of Appeals' order. On 10 May 1999, the Court of Appeals affirmed Mayberry's convictions and sentences. *United States v. Pruitt*, 174 F.3d 1215, 1221, *rehearing denied en banc*, 192 F.3d 132 (11th Cir. 1999), *cert. denied, United States v. Mayberry*, 528 U.S. 1178, 120 S.Ct. 1214 (2000).[3]

On 4 August 2000, Mayberry filed a motion to vacate under 28 U.S.C. § 2255, which, as amended, asserts the following grounds:

1.     He is actually innocent of money laundering, because the government failed to prove that a particular money transfer was associated with any specific drug transaction;

2.     The evidence presented at trial was insufficient to support his convictions;

3.     The testimony of adverse witnesses was perjured;

4.     He is entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000);

5.     The sentence imposed for his money laundering conviction was outside the authorized statutory maximum sentence and erroneously enhanced;

6.     With respect to sentencing on the conspiracy conviction, the trial court improperly labeled him a "career offender" based on prior controlled substance convictions;

7.     The prosecution engaged in misconduct by eliciting perjured and hearsay testimony;

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]*Pruitt* involved the appeals of Mayberry and his co-defendants.

2

8.  The evidence presented at trial demonstrated the existence of multiple conspiracies thereby failing to establish the existence of a single conspiracy as charged in the indictment;

9.  The money laundering count of the indictment (Count II) is duplicitous and defective because it charged multiple financial transactions rather than the requisite single financial transaction;

10. The trial court materially amended Count II of the indictment in its instructions to the jury on the use of proceeds;

11. The jury was selected in violation of *United States v. Clay*, 159 F.Supp.2d 1357, 1365 (M.D. Ala. 2001);

12. The promise of leniency to witnesses for the government was unconstitutional; and

13. Counsel provided ineffective assistance at all stages of the criminal proceedings.

In support of his claim of ineffective assistance of counsel, Mayberry contends that his counsel failed to do the following:

1.  file a pre-trial motion to dismiss the money laundering count of the indictment as duplicitous and defective because the indictment erroneously charges the commission of financial transactions over an extended period of time when the statute criminalizes only the conduct of each specific financial transaction;

2.  raise on direct appeal the aforementioned challenge to the indictment;

3.  object and/or raise on direct appeal the alleged erroneous jury instruction with respect to the essential elements of money laundering;

4.  raise on direct appeal the alleged use of perjured testimony by the prosecution to prove a single conspiracy;

5.  challenge the various misstatements of fact committed by the prosecution;

6.  object at sentencing to the inclusion of materially false information in the presentence report with respect to 1000 pounds of marijuana attributed to him;

7.  renew a motion for mistrial prior to the conclusion of the jury trial;

3

8.  raise the issue of an unresolved motion on direct appeal;

9.  raise on direct appeal the trial court's abuse of its discretion in allowing inadmissible hearsay testimony;

10. appeal the denial of his motion for judgment of acquittal;

11. object and raise on direct appeal the trial court's error in not conducting a Jencks inquiry on a statement given by a government witness;

12. raise on direct appeal a challenge to the computation of his sentence for money laundering;

13. effectively argue at sentencing or raise on direct appeal the improper enhancement of the base level offense assigned for money laundering;

14. raise on direct appeal the trial court's career offender enhancement of the sentence for the money laundering offense;

15. challenge on direct appeal the amount of marijuana attributed to him;

16. object at sentencing or raise on direct appeal that inadmissible and perjured testimony was used to establish that defendant was a leader and organizer of the conspiracy;

17. call key witnesses at sentencing to bolster the argument that his son was not used to avoid apprehension;

18. raise on appeal that defendant was not a career offender with respect to the conspiracy conviction as his prior convictions were too remote for purposes of enhancement and were sufficiently related such that they did not constitute separate offenses;

19. raise on direct appeal the trial court's denial of his objections to the presentence report;

20. challenge the amount of drugs attributed to him as reasonably foreseeable;

21. submit an appropriate brief on direct appeal;

22. file meritorious issues on direct appeal;

4

23.    provide adequate assistance due to a conflict of interest with the defendant arising from counsel's failure to raise all issues mentioned by the defendant; and

24.    raise a *Clay* challenge to selection of the jury.

In its responses to the motion, the United States alleges that Mayberry is entitled to no relief. Mayberry has filed several replies to the government's submissions which are extensive and replete with claims attacking his convictions and sentences.

Upon review of the motion to vacate, the responses of the United States and the record in this case, the court concludes that an evidentiary hearing is not required and that the movant's § 2255 motion is due to be granted in part and denied in part. *See* Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts.*

## II.    DISCUSSION

Mayberry presents several substantive claims challenging the constitutionality of his convictions and sentences. He likewise argues that counsel was ineffective for failing to present each of these claims properly , along with other claims, during trial, at sentencing and on direct appeal.

*A.*    *The Validity of the Indictment for Money Laundering*

Count II of the indictment charged Mayberry and numerous co-defendants with the

5

substantive crime of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.[4]

Mayberry complains that this count of the indictment is duplicitous and defective. In support of this

assertion, he argues that the indictment improperly charged money laundering as a continuing

offense. Mayberry further argues that the indictment failed to charge a criminal offense because it

alleged the commission of multiple financial transactions, rather than a single financial transaction,

when the only unit of prosecution authorized under 18 U.S.C. § 1956 is each individual financial

transaction. Mayberry further asserts that counsel was ineffective for failing to challenge the

aforementioned deficiencies in a timely manner.

Because of Mustafa's arguments, the court must determine whether the offense charged in

Count II of the indictment constitutes an offense created and defined by Congress. A review of the

language of the statute under which Mustafa was charged is essential to this determination.

> § 1956. Laundering of monetary instruments
>
> (a)(1) Whoever, knowing that the property involved in *a financial transaction* represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such *a financial transaction*

---

[4]Count II of indictment reads as follows: "From an unknown date but commencing at least as early as the 13th day of April, 1993, and continuing up to on or about the 17th day of January, 1996, in Macon and Lee counties, within the Middle District of Alabama, and elsewhere, . . . Douglas Gene Mayberry . . . [and additional named individuals] defendants herein, aided and abetted by others, both known and unknown to the grand jury, did knowingly and willfully conduct, attempt to conduct and cause to be conducted *financial transactions* affecting interstate commerce, to wit: the sending and receiving of monies wired through Western Union's Nationwide Network, using the proceeds of a specified unlawful activity, that is the distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) and 846 with the intent to promote the carrying on of specified unlawful activity. While conducting, attempting to conduct, and causing to be conducted such *financial transactions*, the defendants knew that the funds involved in the *financial transactions* represented the proceeds of specified unlawful activity, all in violation of Title 18 U.S.C. Sections 1956(a)(1)(A)(i) and 2." (emphasis added).

6

which in fact involves the proceeds of specified unlawful activity--
(A)(i) with the intent to promote the carrying on of specified unlawful activity; ...

\* \* \* \* \* \*

(B) knowing that *the transaction* is designed in whole or in part--

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

(ii) to avoid a transaction reporting requirement under State or Federal law,

\* \* \* \* \* \*

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in *the transaction,* whichever is greater, or imprisonment for not more than twenty years, or both.
(b) Whoever conducts or attempts to conduct *a transaction* described in subsection (a)(1), or a transportation, transmission, or transfer described in subsection (a)(2), is liable to the United States for a civil penalty of not more than the greater of--
(1) the value of the property, funds, or monetary instruments involved in *the transaction;* or
(2) $10,000.

(c) As used in this section--
(1) the term "knowing that the property involved in *a financial transaction* represents the proceeds of some form of unlawful activity" means that the person knew the property involved in *the transaction* represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under State, Federal, or foreign law, regardless of whether or not such activity is specified in paragraph (7);
(2) the term "conducts" includes initiating, concluding, or participating in initiating, or concluding *a transaction;*
(3) the term "transaction" includes *a* purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes *a* deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of *any* stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or *any* other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected;

7

(4) the term "financial transaction" means (A) *a transaction* which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) *a transaction* involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;

(5) the term "monetary instruments" means (i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or (ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery;

* * * * * *

(f) There is extraterritorial jurisdiction over the conduct prohibited by this section if–

(1) the conduct is by a United States citizen or, in the case of a non-United States citizen, the conduct occurs in part in the United States; and

(2) *the transaction* or series of related transactions involves funds or monetary instruments of a value exceeding $10,000.

18 U.S.C. § 1956 (emphasis added).

Before Mustafa was indicted, the Court of Appeals, in a case involving a defendant's conviction under 18 U.S.C. § 1956(a)(2), held that "the statute does not make money laundering a continuing offense. The statutory language and legislative history indicate that each transaction or transfer of money constitutes a separate offense." *United States v. Kramer*, 73 F.3d 1067, 1072 (11th Cir. 1996), *cert. denied*, 519 U.S. 1011, 117 S.Ct. 516 (1996); *see also United States v. Martin*, 320 F.3d 1223, 1227 (11th Cir. 2003); *United States v. Majors*, 196 F.3d 1206, 1212 n.14 (11th Cir. 1999).

8

The *Kramer* Court adopted the precise reasoning set forth by the Pennsylvania district court in *United States v. Conley*, 826 F.Supp. 1536, 1543-1544 (W.D. Pa. 1993). In *Conley*, the district court addressed the validity of an indictment which charged two defendants with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and § 2.[5] The court examined the language of 18 U.S.C. § 1956 and determined that:

> The intended allowable unit of prosecution under Section 1956(a)(1)(A)(i) is manifest in the language of the statute itself and the allowable unit of prosecution comprises only one "financial transaction."
>
> The definition of "transaction," stated in the singular, lists single discrete acts, also stated in the singular. Congress employed the words "a" and "any" to modify the listed discrete acts. *Id.* § 1956(c)(3). The clear import of this is that one of those acts, individually, meets the definition of a "transaction." The definition of "financial transaction," stated in the singular, incorporates the definition of "transaction," which is again stated in the singular in the definition of "financial transaction." *Id.* § 1956(c)(4).
>
> Using these definitions, Congress defined the offense, the allowable unit of prosecution and the punishment in question in Section 1956(a)(1)(A)(i). Stripped of offenses not charged and qualifications of the charged offense not relevant to the allowable unit of prosecution, Section 1956(a) states:
> (a)(1) Whoever ... conducts or attempts to conduct such *a financial*

---

[5]The pertinent part of the *Conley* indictment charged that "[o]n or about the period 1988 and 1989, within the Western District of Pennsylvania and elsewhere, the defendants . . . did knowingly conduct and attempt to conduct *financial transactions*, affecting interstate or foreign commerce, by depositing and/or causing to be deposited, monetary instruments . . . , which involved the proceeds of a specified unlawful activity, that is, illegal gambling . . ., knowing that the property involved in such financial transactions, that is, monetary instruments in the form of United States currency or coin or checks, represented the proceeds of the illegal gambling activity. This was done with the intent to promote the carrying on of a specified unlawful activity, that is, illegal gambling with video poker machines. All in violation of Title 18, United States Code, § 1956(a)(1)(A)(i) and § 2." *Conley*, 826 F.Supp. at 1538-1539 (citation omitted).

9

> *transaction ...*
> shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in *the transaction,* whichever is greater, or imprisonment for not more than twenty years, or both.
>
> *Id.* § 1956(a). Reading Section 1956(b) confirms that "a transaction" is the allowable unit of prosecution under section (a)(1), just as "a transportation, transmission, or transfer" is under section (a)(2).
>
> Without further belaboring the point, the statute makes repeated references to single transactions. The only reference to a "transaction or series of related transactions" is made in section (f)(2). That section defines the scope of Congress's assertion of extraterritorial jurisdiction. It plays no part in Congress's definition of the offense and the allowable unit of prosecution.
>
> The words of the statute are plain and unambiguous. Congress defined the offense and the allowable unit of prosecution. The allowable unit of prosecution under section 1956(a) is each individual "financial transaction." *Accord United States v. Martin,* 933 F.2d 609, 611 (8th Cir.1991). The meaning of the statute being plain, resort to the statute's legislative history is unwarranted, and unfavorable to the Government in any event

*Conley,* 826 F.Supp. at 1542-1544.

The *Kramer* court recognized that *Conley* discussed different sections of the money laundering statute than the section before it for consideration and likewise acknowledged "that section (a)(2) does not explicitly refer to 'a financial transaction' as the crime." *Kramer,* 73 F.3d at 1073 n.11. The Court nevertheless determined that "[t]hese points do not change our result. The statutory language, taken as a whole, manifests the intent by Congress to make each transaction or transfer a separate crime." *Id.* (citation omitted).

It is therefore clear that the conduct charged in Count II of the indictment issued in this case does not constitute a criminal offense under 18 U.S.C. § 1956(a)(1)(A)(i). Specifically, "the

Government presented to the grand jury, and the grand jury indicted on, a course-of-conduct theory and charge. That theory, not being an offense defined by Congress, does not constitute the same offense as the offense defined by Congress--an offense comprising only one financial transaction." *Conley*, 826 F.Supp. at 1548; *see also Kramer*, 73 F.3d 1073. Consequently, Count II of the indictment is defective because it charges no crime at all and this court was without jurisdiction to impose judgment for this offense.[6] Mayberry's money laundering conviction and the sentence imposed for this conviction are therefore due to be vacated.[7]

**B.     *Substantive Challenges to the Conspiracy Conviction and Sentence***

The Court of Appeals described the conspiracy for which Mayberry was convicted as follows:

> The drug conspiracy at issue in this case transported marijuana from California, and other western locales, to Alabama, where the drugs were distributed and sold. Pena and Garrido, located in Los Angeles, supplied the marijuana. The Alabama-based Engle and Mayberry purchased the drugs with funds wired to Los Angeles. Thereafter, couriers, working on behalf of the conspiracy, traveled to California and other destinations, and returned to Alabama with the purchased marijuana. The drugs were distributed in Alabama via two networks:

---

[6]This jurisdictional defect is properly before the court in a motion filed pursuant to 28 U.S.C. § 2255 as it cannot be waived by a defendant nor is it barred by the doctrine of procedural default. *See United States v. Peter*, 310 F.3d 709 (11th Cir. 2002).

[7]Mayberry presents several other claims challenging his conviction and sentence for money laundering. In light of the determination that Mayberry is entitled to a reversal of his money laundering conviction due to the failure of the indictment to charge a criminal offense, the court deems it unnecessary to address the merits of the remaining claims related to this conviction and sentence.

11

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DOUGLAS GENE MAYBERRY,          ]
        Petitioner,          ]
                  ]
vs.          ]          CASE NO. 3:00cv1043-H
                  ]
UNITED STATES OF AMERICA,          ]
        Respondent.          ]

## MOTION FOR RECONSIDERATION AND ALTER/AMEND JUDGMENT FOR ORDER OF IMMEDIATE RELEASE

COMES NOW the movant, Douglas G. Mayberry, acting pro se and without the aid of counsel, under the liberal standard for <u>pro se</u> litigants as set forth in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), and moves this Honorable Court to reconsider the dismissal with prejudice of his motion to vacate, set aside, or correct sentence, pursuant to Title 28 U.S.C. § 2255, and to alter/amend the judgment for order of immediate release, and in support thereof, avers the following:

In its Opinion, the Court concludes the Recommendations of the Magistrate Judge as to the money laundering count is to "reverse" the holding of the Court of Appeals which affirmed the conviction of Mayberry on the money laundering count in <u>United States v. Pruitt</u>, 174 F.3d 1215, 1221 (11th Cir. 1999); the court concluding the same ground for vacating the money laundering count upon which the Magistrate Judge bases her Recommendations was squarely, but unsuccessfully, raised on direct appeal (citing Mayberry's codefendant, Engle's Appellant Brief). Suggesting <u>Kramer</u> was ignored in Mayberry's appellate behalf, the court found: "if <u>Kramer</u> requires a reversal ... it would appear that this is

a call for the Court of Appeals, rather than this court." (Opinion, pp 4-5). Additionally, this court found Mayberry's other claims alleging insufficiency of the evidence and sentencing errors are barred from collateral review, having been raised and considered on direct appeal; and those not raised, not reaching constitutional proportions or demonstrating "a complete miscarriage of justice," may not be reviewed now. (Id. at 6). The petitioner disagrees. For the court overlocks the following specifically key facts:

1.  Mayberry's Jurisdictional Claim is not Barred from this Post-Conviction Review.

First and foremost, the court incorrectly refers (Issue 2) United States, Appellee v. Mayberry, Appellant 1997 WL 3349361l (11th Cir. Sept. 28, 1997) as Mayberry's Appellant Brief. (Opinion, pp 11). For as Mayberry avers in Issue 23 of his 2255 motion, he successfully had vigorously and persistently argued that Anders brief withdrawn. (See 2255 Motion, Issue 23 and Exhibit L, inclusive of Motion to Strike Appointed Attorney's Anders Brief and Grant Appointed Counsel's Motion to withdraw). Explicitly, it was that motion, filed November 1, 1997, which referenced Mayberry's Kramer jurisdictional defect claim (see, pp 3), that thereby did cause the Eleventh Circuit, on March 11, 1998, to direct counsel to file a merits brief for, "among other things, the sentencing objections." (See 2255 Motion, Exhibit J: Appeals Court Order, pp 2). It was thus the one (1) issue [only] merits brief the counsel subsequently filed April 1998 in Mayberry's appellate behalf that the appeals court ruled upon in Pruitt. (See Attorney Allen R. Stoner, Mayberry Appellant Brief, attached here).

The court's opinion is incorrect. Mayberry's appellant brief

2

prepared by counsel did not argue Mayberry's money laundering conviction and sentence, period! Only did counsel's prepared brief argue, as directed by the appeal court order (pg. 2), a fatal variance in the drug conspiracy charge of Count 1. (See attached Appellant Brief, pp 1). And the brief specifically did not adopt any of the appellant briefs of Mayberry's codefendants. (See Appellant Brief, pp v). Foreclosing Mayberry's jurisdictional defect claim has not been previously presented for adjudication prior to this habeas corpus cause.

Thereby, as the Magistrate recommended (pp 11), "This jurisdictional defect is properly before the court in a motion filed pursuant to 28 U.S.C. § 2255 as it cannot be waived by a defendant nor is it barred by the doctrine of procedural default. See United States v. Peter, 310 F.3d 709 (11th Cir. 2002)." Relief under 28 U.S.C. § 2255 being limited and reserved for two specific bases -- first, for transgressions of constitutional rights, and second for the injuries that could not have been raised on direct appeal and which [as here] could, if condoned, result in a complete miscarriage of justice. Richard v. United States, 837 F.2d 965, 996 (11th Cir. 1988); United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981).[1] Mayberry's jurisdictional defect claim is "properly before [this] court." See, e.g., United States v. Addonizia, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)(Habeas corpus has long been available to attack conviction and sentences entered by a court without jurisdiction.").

It is well established in this Circuit that each defendant's

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business September 30, 1981.

appeal is limited to the issues raised in his brief. See United States v. Gray, 626 F.2d 494, 497 (5th Cir. 1980); see also United States v. Bieganowski, 313 F.3d 264, 280 n. 14 (5th Cir. 2002)(citing NLRB v. Star Color Plate Service, 843 F.2d 1507, 1510 n.3 (2d Cir. 1988)(holding that where an issue is not raised on appeal in an initial brief, it is waived unless it would result in substantial injustice). However, jurisdiction cannot be waived. See California v. La Rue, 409 U.S. 109, 112, 93 S.Ct. 390, 34 L.Ed.2d (1972). And jurisdiction can be raised at any time and addressed by federal courts at any time on their own motion. See McGrath v. Krislensen, 340 U.S. 162 (1950). Foreclosing, clearly was the Magistrate correct in her recommendation to now adjudicate Mayberry's jurisdictional claim.

This district court is a surrogate for Supreme Court review as of right. For the jurisdictional and related requirement for certiorari review by the Supreme Court and federal habeas corpus review by a federal district court are identical. See Federal Habeas Corpus Practice and Procedure, 4th Edition, Section 2.4b, pp 23-24. The district courts of the United States have original and exclusive jurisdiction over "all offenses against the laws of the United States." Peter, 310 F.3d at 713 (citing 18 U.S.C. § 3231). Despite this broad grant of power, the decision in United States v. Meacham, 626 F.2d 503 (5th Cir. 1980), establishes that a district court is without jurisdiction to accept ... [as here] a "non-offense." In Meacham, the old Fifth Circuit reversed the convictions of five defendants who had been charged with "conspir[ing] to attempt" to import marijuana and to possess marijuana with intent to distribute it. Id. at 507. The court

4

found that Congress had not intended for the statutes on which the government relied to create "the conceptually bizarre crime of conspiracy to attempt." Id. at 508-09. Similarly is the case here, clearly Congress had not intended for the statute of 18 U.S.C. § 1956(a)(1)(A)(i) on which the government relied to create the crime of money laundering as the "conceptually bizarre crime" of an "continuing offense." See United States v. Kramer, 73 F.3d 1067, 1072 (11th Cir. 1996), cert. denied, 519 U.S. 1011, 117 S.Ct. 516 (1996); see also United States v. Martin, 320 F.3d 1223, 1227 (11th Cir. 2003); United States v. Majors, 196 F.3d 1206, 1212 n.14 (11th Cir. 1999).

Since Meacham was decided, several decisions of this Circuit have reaffirmed its vitality. In United States v. Tomeny, 144 F.3d 749 (11th Cir. 1998), the Court cited Meacham for the proposition that "a claim that the indictment failed to charge an offense is a jurisdictional claim not waived by a guilty [verdict]." Id. at 751. Tomeny further "clairified that a claim is "jurisdictional" if it "can be resolved by examining the face of the indictment ...." Id. (quoting United States v. Caperell, 938 F.2d 975, 977-78 (9th Cir. 1991). See also United States v. Harper, 901 F.2d 471, 472 (5th Cir. 1990)(entertaining post-conviction challenge under 28 U.S.C. § 2255 based on indictments failure to charge offense because such error "divests the sentencing court of jurisdiction"). This matter is properly before this court.

Certiorari having been denied in Kramer, this district court, in the context of this habeas corpus cause, being the surrogate of the United States Supreme Court, properly must [now] adjudicate Mayberry's timely filed jurisdictional claim. See Stewart v.

5

<u>Martinez-Villareal</u>, 552 U.S. 637, 140 L.Ed.2d 849, 118 S.Ct. 1618 (1998)(holding a convicted person's federal habeas corpus claim is not barred under any form of **res judicata**, where (1) the person brought his claim in a timely fashion, and (2) the claim has not been ripe for resolution until the present time.). The record is clear and undisputed. As he has demonstrated in his 2255 motion (Issue 23, Exhibit L), Mayberry has consistently and persistently engaged not only this court but the appellate court as well in his vigorous attempts to have his claims, to include his jurisdictional defect claim, heard by [any] federal court. Contrary to the court's opinion "<u>Kramer</u> was ignored in the direct appeal of this case" (Opinion, pg. 7), <u>Kramer</u> has not been ignored by Mayberry in his attempts to have his jurisdictional claim heard. (See 2255 Motion, Exhibit L). It was only upon the Magistrate's Recommendation did his jurisdictional claim become heard. Mayberry [thus] is not barred from this collateral review to adjudicate this jurisdictional federal habeas corpus claim [now] in this court.

The court's holding: "This court does not believe that <u>Kramer</u> adopted the reasoning that requires a reversal of the money laundering count in this case; [and] if this is the teaching of <u>Kramer</u>, it would appear that this is a call for the Court of Appeals, rather than this court [Opinion, pp 5], is misplaced. As he demonstrates above, the matter of Mayberry's jurisdictional claim is not "reversal," as the court incorrectly concludes <u>Kramer</u> did not similarly find "the conviction for money laundering must be reversed" (<u>Kramer</u>, 73 F.3d at 1073). To be clear, the matter in the context of Mayberry's collateral review is "jurisdictional," and thereby it cannot be waived.

6

Resultantly, the Magistrate is correct in her recommendation that "It is therefore clear that the conduct charged in Count II of the indictment issued in this case does not constitute a criminal offense under Title 18 U.S.C. § 1956(a)(1)(A)(i). Specifically, 'the Government presented to the grand jury, and the grand jury indicted on, a course-of-conduct theory and charge. That theory, not being an offense defined by Congress -- an offense comprising only one financial transaction.' Conley, 826 F.Supp. at 1548; see also Kramer, 73 F.3d 1073. Consequently, Count II of the indictment is defective because it charges no crime at all and this court was without jurisdiction to impose judgment for this offense. Mayberry's money laundering conviction and the sentence imposed for this conviction are therefore due to be vacated." (R&R, pp 10-11).

The court's reference in its opinion that Kramer did not express an opinion as to the correctness of Conley's language in quashing the money laundering indictment on a pretrial motion is [as earlier expressed to Mayberry at his March 5, 1997 sentencing hearing (pp 6) by this court] "Twiddle Dee, Twiddle Dum." The fact still remains that the money laundering offense as the government charged in the indictment in this case is not an offense defined by Congress; and therefore, "this court was without jurisdiction to impose judgment for this offense." (R&R, pp 11). The "continuing offense" conduct charged by the government in Count II of the indictment does not constitute a criminal offense as defined by Congress under Title 18 U.S.C. § 1956(a)(1)(A)(i). Foreclosing, Mayberry's money laundering conviction and the sentence imposed for this conviction, as the Magistrate has so persuasively advised, is entitled vacated.

7

EXHIBIT "C"

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

NO. 05-10990-BB

---

DOUGLAS G. MAYBERRY

Appellant,

vs.

UNITED STATES OF AMERICA

Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION
CASE NO. CR-91-E / 3:00cv1043-H

---

PETITION FOR PANEL REHEARING WITH SUGGESTION
FOR REHEARING CONSIDERATION EN BANC

---

Douglas G. Mayberry
70949-012  AIC
Post Office Box 7001
Taft, CA  93268-7001

## ARGUMENT

In its Opinion, the Court rejects Mayberry's claims the money laundering count as charged in the indictment in this case is a true jurisdictional challenge. (See Opinion appended, pg. 5). This Circuit having yet to address the distinction between a jurisdictional defective indictment and a duplicitous indictment, the Court adopts the interpretation in United States v. Moloney, 287 F.3d 236, 240 (2nd Cir. 2002)(an indictment charging multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A) "states an offense which is cognizable, in the sense of charging conduct made illegal by statute") to support its holding Mayberry's jurisdictional defect argument is actually a duplicity argument. (Opinion at 5). The petitioner therefore argues the Court overlooks or misapprehends the district court's findings in this case conclude "multiple transactions" in the money laundering offense as charged were not found to be "conduct made illegal by statute;" thereby foreclosing the count, under the language of Moloney, is a juris-dictional defect.

Particularly stated, the Court overlooks or misapprehends the language of the Moloney general rule interpretation "allows multiple acts that are part of a single scheme to be charged as a single count ... **provided that each act is part of a unified scheme**." 287 F.3d at 241. In other words, the record of the facts of this case must conclude "each act" as alleged by the government in the single money laundering count charged must prove "a part of [that] unified scheme" and prove "illegal" in violation to Title 18 U.S.C. § 1956(a)(1)(A). Clearly not the case here.

- 2 -

Here, the government alleged grouped offenses of 254 individual money transfer "acts" into a single collective count. Mayberry was indicted, convicted, and imposed sentencing based upon the "conduct made illegal by statute" [that is, under Moloney, finding "each act" was found to be illegal by Title 18 U.S.C. § 1956(a)(1)(A) and a part of the unified scheme as charged in the collective count] where all "acts" were determined to equal an amount of $405,000.00. Thereafter, however, the district court found "I[t] can't find the evidence to substantiate the four hundred and five thousand [dollars]" (see Exh. A: Mayberry's co-defendant Mustafa's Sent. Tr., pp 2-4), finding several money transfer "acts" not to be "conduct made illegal by [the] statute" as charged in the indictment.

Specifically identified were money transfer "acts" (1) to and from [Mustafa] family members; "acts" (2) involving three different individuals who were never named at trial or in any statements of co-conspirators provided to [the defendants] or mentioned in the sentencing report as being involved in this matter, and "acts" (3) [of] very small transfers with Doug Mayberry ... [having] just no proof at all that those being related to drug activity or to activity to facilitate drug activity. (Mustafa Sent.Tr., pp 2-4). Clearly, therefore, the district court's finding conclude none of these "acts" as "conduct made illegal by [the] statute" charged. Foreclosing neither were these "act[s] ... part of [the] unified scheme" as charged in the count of the indictment.

Congress did not define the language of Title 18 U.S.C. § 1956 (a)(1)(A) to authorize the government to allege and charge "acts" found by the district court to be outside the reach of the statute. The definitive language of that statute does not support the govern-

- 3 -

ment alleging a "mixture" of illegal and [as proven] legal "acts"
of grouped offenses into the single collective count it charged as
Count II of the indictment of this case.  See United States v. Meacham,
626 F.2d 503, 507-09 (5th Cir. 1980)(a defendant's "innocence of the
charged offense appears from the very allegations made in the [indict-
ment]").  Under the language of Title 18 U.S.C. § 1956(a)(1)(A), the
district court's findings conclude the [as] charged money laundering
allegations by the government, is not a crime at all.  See McCoy v.
United States, 266 F.3d 1245, 1249 (11th Cir. 2001)(an indictment
suffers from a jurisdictional defect when it charges no crime at all);
United States v. Peter, 310 F.3d 709, 713-715 (11th Cir. 2002)(citing
Meacham, 626 F.2d at 510)(a district court lacks jurisdiction when
an indictment alleges only a non-offense, or rather, when the govern-
ment alleges a specific course of conduct outside the reach of the
applicable statute).  Foreclosing the language from Moloney does not
support the Court's interpretation Mayberry's claims address the
(duplicity) form of the indictment as opposed to the (jurisdictional
defect) validity of the count charged.  (Opinion, pp 4-5).  The
Court's opinion is in error.

The $405,000.00 totality of the 254 individual money transfer
"acts" of grouped offenses the government alleged and charged
Mayberry could not have been validly charged as individual counts
into a collective count charging a federal crime; for, the district
court's findings do not acknowledge the illegality of "each act"
as charged into the collective count; thereby truly implicating
Mayberry's innocence of the collective charge as convicted.  (See
Opinion at 4-5 (citing Moloney, 287 F.3d at 240)).  Therefore, as
fully demonstrated above, Count II as charged in the indictment of

- 4 -

this case - herein proven from the language interpreted in <u>Moloney</u> - does suffer a jurisdictional defect.  <u>See</u> <u>McCoy</u>, 266 F.3d at 1249.

Accordingly, given reconsideration, the decision of this case would reach a different result.  Therefore the petitioner respect-fully requests this Honorable Court to grant his petition.  <u>See</u> <u>National Labor Relations Board v. Brown & Root, Inc.</u>, 206 F.2d 73 (8th Cir. 1953).

Further, this Circuit having yet addressed the distinction between a jurisdictionally defective indictment and a duplicitous indictment (Opinion at 4), and the U.S. Supreme Court having yet to definitely rule on whether money laundering can be a continuing offense, <u>see</u> <u>United States v. Cabrales</u>, 524 U.S. 1, 8, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998), the petitioner thereby submits this case is ripe for the Court's consideration to publish its holding(s).

WHEREFORE, based upon the above and foregoing, the petitioner respectfully PRAYS this Honorable Court grant his Petition for Panel Rehearing with Suggestion for Rehearing En Banc, as the Court may deem appropriate.

Respectfully submitted this _12th_ day of December, 2005.

Douglas G. Mayberry
70949-012 AIC
Post Office Box 7001
Taft, CA  93268-7001

- 5 -

Page 3

1    THE COURT: well, I am going to let you get it down
2  to a hundred to two hundred, but I am not going below a
3  hundred. But I will be glad to hear from anybody that
4  wants -- I did not agree with four hundred and five thousand,
5  but I don't agree it was less than a hundred thousand either.
6  I don't want to cut you off.
7    MS. FREEMAN: well, just to make my argument on that
8  point, Your Honor.
9    THE COURT: sure.
10    MS. FREEMAN: I have identified several transfers
11  that I do not believe should be included, and they fall in
12  three groups. One is transfers to or from her family members
13  and these are people she testified to at trial are her family
14  members.
15    THE COURT: Like who?
16    MS. FREEMAN: Her granddaughter, Tias Wiggins, her
17  granddaughter, Tomika Wiggins, her daughter, Connie Wiggins,
18  her daughter's husband, Cauthen Brown, her grandson, Tony
19  Williams, and her nephew, who I have mistakenly identified as
20  a grandson, Ronald Wiggins. There's no proof at all that
21  these people were involved in drug transactions, were
22  facilitating drug transactions, and those amounts should not
23  be counted.
24    The next type of transfer which I have identified
25  are involving three different individuals who are never named

---

IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

UNITED STATES OF AMERICA

vs.                    CR. NO. 96-00051-3

DAAIYAH JAMEELAH MUSTAFA

*   *   *   *   *   *   *

SENTENCE HEARING

Before Hon. Truman M. Hobbs, Judge,
at Montgomery, Alabama, March 28, 1997

*   *   *   *   *   *   *

APPEARANCES: For the Government: Terry F. Moorer and
                                 R. Rand Neeley
                                 Assistant U.S. Attorneys

             For the Defendant: Christine A. Freeman,
                                Federal Defender

---

Page 2

1    (The above case coming on for hearing at Montgomery,
2  Alabama, March 28, 1997, before Honorable Truman M. Hobbs,
3  Judge, the following proceedings were had:)
4    THE COURT: United States versus Daaiyah Mustafa.
5  The Defendant has three objections, I believe, right?
6    MS. FREEMAN: Yes, Your Honor.
7    THE COURT: All right. I know one of your objections
8  is to the amount of money charged.
9    MS. FREEMAN: Yes, sir.
10    THE COURT: And I think I would agree with you that
11  the amount as charged is -- it may be or may not be accurate,
12  but I am not going to -- I can't find the evidence to
13  substantiate the four hundred and five thousand. And you
14  asked for a one level increase, and what did they give, a
15  three?
16    MS. FREEMAN: Your Honor, they requested three level
17  increase. The pleading which I filed yesterday indicates
18  that of some of the wire transfers made with Ms. Mustafa's
19  name on them directly, a number of them are to or from people
20  who were never mentioned at all during the trial or in the
21  confidential informants' statements, many of them are her
22  family members. And as to these specific transfers with Ms.
23  Mustafa's name on them that I have identified in my pleading,
24  I don't believe those can be counted either. That would bring
25  the total below one hundred thousand dollars.

---

Page 4

1  at trial or in any statements of co-conspirators provided to
2  us or mentioned in the sentencing report as being involved in
3  this matter. And that is transfers with Ira Blue to Clay
4  Booth. And that's it, Your Honor, those two persons.
5    The last group of transfers are very small transfers
6  with Doug Mayberry, who is obviously convicted as a
7  co-conspirator, but there's five hundred and 75 dollars in
8  transfers that are a hundred dollars or less. There's just
9  no proof at all that those are related to drug activity or to
10  activity to facilitate drug activity.
11    And for those reasons, Your Honor, these specific
12  transfers which were introduced at trial and which are
13  included in the base figures attributed to Ms. Mustafa in the
14  presentence report should not be included, and if they were
15  subtracted they would bring the total below one hundred
16  thousand.
17    THE COURT: I will hear from the government.
18    MR. MOORER: Yes, sir. Your Honor, one thing that
19  was abundantly clear at the end of the trial that Ms. Mustafa
20  was tried in was that who the senders were was not
21  necessarily who was listed on the sender tickets. And so I
22  can not agree. And there's no more evidence to support the
23  fact that these were sent by the people that she claims sent
24  them now than there was at trial. But there was evidence that
25  Ms. Mustafa was the one who received them.

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

**FILED**

# United States District Court
## Middle District of Alabama

MAR 6 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.

**DOUGLAS GENE MAYBERRY**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:   **3:96CR00051-004**

**Allen R. Stoner**

Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   **1 and 2**
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | **Conspiracy to Distribute and Possess with Intent to Distribute Marijuana** | 03/27/1996 | 1 |
| 18 U.S.C. § 1956 (a)(1)(A)(i) | **Laundering of Monetary Instruments** | 01/17/1996 | 2 |

The defendant is sentenced as provided in pages 2 through   **6**   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  **3**  _____   is   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:   **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** | **03/06/97** |
| Defendant's Date of Birth:   **08/18/1946** | Date of Imposition of Judgment |
| Defendant's USM No.:   **09740-002** | |
| Defendant's Residence Address: | *Truman Hobbs* |
| **2615 Molton Circle** | Signature of Judicial Officer |
| | **TRUMAN M. HOBBS** |
| **Tuskegee**          **AL**      **36088** | **UNITED STATES DISTRICT JUDGE** |
| | Name & Title of Judicial Officer |
| Defendant's Mailing Address: | |
| **2615 Molton Circle** | |
| | **03/06/97** |
| **Tuskegee**          **AL**      **36088** | Date |

**EOD**   `3-6-97`

54a

DEFENDANT: **DOUGLAS GENE MAYBERRY**
CASE NUMBER: **3:96CR00051-004**

Judgment-Page __2__ of __6__

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __292__ **month(s)** .

**This term consists of terms of 292 months on Count I and 240 months on Count II to be served concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court  recommends that the defendant be designated to a facility where drug counseling is available.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:     **DOUGLAS GENE MAYBERRY**
CASE NUMBER:    3:96CR00051-004

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____**8**_____ year(s) .
This term consists of terms of eight (8) years on Count I and three (3) years on Count II, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet    3.01**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        **DOUGLAS GENE MAYBERRY**
CASE NUMBER:      **3:96CR00051-004**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to a drug test when ordered to do so by the probation officer. If determined necessary by the probation officer, the defendant shall participate in a substance abuse treatment program as directed by the probation officer.

Judgment-Page __4__ of __6__

DEFENDANT:     **DOUGLAS GENE MAYBERRY**

CASE NUMBER:   **3:96CR00051-004**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .   $ _____

**Special Assessment consists of $50.00 on each of Counts I and II.**

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ 0.00 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\*\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  |  |  |  |
| **Totals:** | $ _____ | $ _____ |  |

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT:   **DOUGLAS GENE MAYBERRY**

CASE NUMBER:   3:96CR00051-004

Judgment-Page ___5___ of ___6___

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☒   in full immediately; or

B   ☐   $ _____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than _____ ; or

D   ☐   in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The District Court will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**All criminal monetary penalty payments are to be made to the United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.**

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.

| Judgment-Page | 6 | of | 6 |

DEFENDANT:        **DOUGLAS GENE MAYBERRY**

CASE NUMBER:     **3:96CR00051-004**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court:

Total Offense Level:     **35**

Criminal History Category:     **VI**

Imprisonment Range:     **292**     to     **365**     months

Supervised Release Range:     **8**     to     **8**     years

Fine Range:  $     **20,000.00**     to $     **4,500,000.00**

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $     **0.00**

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**Defendant has three prior drug related convictions. He has been subject to parole/probation supervision and his overall ajustment has been poor.**

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

27BD, CLOSED

# U.S. District Court
## Alabama Middle District (Opelika)
### CRIMINAL DOCKET FOR CASE #: 3:96-cr-00051-TMH-4
### Internal Use Only

Case title: USA v. Pena, et al                    Date Filed: 03/27/1996

Assigned to: Judge Truman M. Hobbs

**Defendant**

**Douglas Gene Mayberry** (4)          represented by  **Allen R. Stoner**
*TERMINATED: 03/06/1997*                              Allen R Stoner, PC
                                                      PO Box 1664
                                                      Decatur, AL 35602-1664
                                                      256-355-7670
                                                      Fax: 355-7671
                                                      Email: sto039@bellsouth.net
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: CJA Appointment*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

21:846 CONSP TO DISTB
MARIJUANA - NMT $2,000,000; [*];
NLT 5Y, NMT 40Y, B; NLT 4Y SUP          292 Mos BOP; 8 Yrs Sup Rel; SA
REL; G-LINES; $50 SA
(1)

18:1956(a)(1)(A)(i) & 18:2 MONEY
LAUNDERING - NMT $500,000; [*];
NMT 20Y, B; NMT 3Y SUP REL;             240 Mos BOP conc w/Ct 1; 3 Yrs Sup
VWPA; G-LINES; $50 SA                    Rel conc w/Ct 1; SA
(2)

18:982 & 18:1956 CRIMINAL
FORFEITURE
(3)

Dismissed on Govt's Motion on
10/10/96

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                          **Disposition**

None

---

**Plaintiff**

**United States of America**           represented by  **R. Randolph Neeley**
                                                        U.S. Attorney's Office
                                                        One Court Square
                                                        PO Box 197
                                                        Montgomery, AL 36101-0197
                                                        334-223-7280
                                                        Fax: 223-7560
                                                        Email: Rand.Neeley@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Terry F. Moorer**
                                                        U.S. Attorney's Office
                                                        PO Box 197
                                                        Montgomery, AL 36101-0197
                                                        334-223-7280
                                                        Fax: 223-7560
                                                        Email: terry.moorer@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/27/1996 | 1 | INDICTMENT as to Oscar Hernan Pena (1) count(s) 1, 2, 3, Miguel A. Garrido (2) count(s) 1, 2, 3, Daaiyah Jameelah Mustafa (3) count(s) 1, 2, 3, Douglas Gene Mayberry (4) count(s) 1, 2, 3, Marlan Everett Engle (5) count(s) 1, 2, 3, Precious Inita Willis Mayberry (6) count(s) 1, 2, 3, George Charles Chilikas (7) count(s) 1, 2, 3, Tony Laverne Pruitt (8) count(s) 1, 2, 3, Meredith Johnson (9) count(s) 1, 2, 3, Monica Kenlon Saunders (10) count(s) 1, 2, 3, Jason Ray Sweatman (11) count(s) 1, 2, 3, Terry Dean (12) count(s) 1, 2, 3, James Edward Johnson (13) count(s) 1, 2, 3; copies furnished to: USA, USM, USPO, USPTS. (dkt clerk) |

| | | (Entered: 03/28/1996) |
|---|---|---|
| 03/27/1996 | 5 | Arrest WARRANT issued as to Douglas Gene Mayberry (dkt clerk) (Entered: 03/28/1996) |
| 03/27/1996 | | **Added Government Attorney R. Randolph Neeley as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II (dkt clerk) (Entered: 03/28/1996) |
| 03/27/1996 | | Magistrate Judge Vanzetta P. McPherson assigned to case for discovery matters as well as matters subsequently referred by Unassigned District Judge . (dkt clerk) (Entered: 03/28/1996) |
| 03/27/1996 | | **Added party Douglas Gene Mayberry: 1300 Hickory Lane, Auburn, AL 36830. ADDRESS CHANGE as of 4/4/96: c/o United States Marshal, Montgomery, AL. BOND executed 7/15/96: 2615 Moton Circle, Tuskegee, AL 36088. REMANDED to USM on 12/18/96: c/o U. S. Marshal, Montgomery, AL (dkt clerk) Modified on 12/24/1996 (Entered: 03/28/1996) |
| 03/29/1996 | | ARREST of Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas (snc) (Entered: 04/01/1996) |
| 03/29/1996 | | Initial appearance as to Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas held before Mag Judge Vanzetta P. McPherson on 3/29/96 (Defendant informed of rights.) (snc) (Entered: 04/01/1996) |
| 03/29/1996 | 22 | CJA 23 FINANCIAL AFFIDAVIT by Douglas Gene Mayberry (snc) (Entered: 04/01/1996) |
| 03/29/1996 | 27 | MOTION by USA as to Douglas Gene Mayberry for Detention Hearing [27-1] referred to Mag Judge Vanzetta P. McPherson (snc) (Entered: 04/01/1996) |
| 03/29/1996 | 32 | Courtroom Deputy's Minutes as to Douglas Gene Mayberry: Indictment summarized; dft advised of limits of punishment. Dft plans to RETAIN COUNSEL. Detention Hearing set for 2:30 4/2/96 for Douglas Gene Mayberry before Mag Judge Vanzetta P. McPherson in Room 330 Courtroom ; Arraignment set at 10:00 4/10/96 for Douglas Gene Mayberry for Fourth Floor Courtroom Mag Judge Vanzetta P. McPherson (snc) (Entered: 04/01/1996) |
| 03/29/1996 | | CASE assigned to Judge Myron H. Thompson (snc) (Entered: 04/01/1996) |
| 03/29/1996 | 36 | Arrest WARRANT Returned Executed as to Douglas Gene Mayberry on 3/29/96 (nhr) (Entered: 04/01/1996) |

| | | |
|---|---|---|
| 04/01/1996 | | **Reset last document number to 42 (nhr) (Entered: 04/01/1996) |
| 04/02/1996 | 48 | ORDER of Temporary Detention as to Douglas Gene Mayberry Detention Hearing set for 2:30 4/2/96 for Douglas Gene Mayberry at Room 330 Courtroom ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA, USM, USPO, USPTS, Sheila, Tim, Marie, defendant via USM. (dkt clerk) (Entered: 04/02/1996) |
| 04/02/1996 | | Deadline updated as to Douglas Gene Mayberry, Precious Inita Willis Mayberry, reset Detention Hearing for 2:00 4/4/96 for Douglas Gene Mayberry, for Precious Inita Willis Mayberry before Mag Judge Vanzetta P. McPherson in Room 330 Courtroom (snc) (Entered: 04/03/1996) |
| 04/03/1996 | 59 | ORDER of Temporary Detention as to Douglas Gene Mayberry Detention Hearing set for 2:00 4/4/96 for Douglas Gene Mayberry at Room 330 Courtroom ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA, USM, USPO, USPTS, Sheila, Tim, Marie, Defendant via USM. (dkt clerk) (Entered: 04/03/1996) |
| 04/03/1996 | 60 | CJA 20 as to Douglas Gene Mayberry : Appointment of Attorney Allen R. Stoner Voucher # 0760102 ( Signed by Mag Judge Vanzetta P. McPherson ) , Original voucher and copy of file furnished to: ATTY. Stoner (dkt clerk) (Entered: 04/03/1996) |
| 04/04/1996 | | Detention hearing as to Douglas Gene Mayberry, Precious Inita Willis Mayberry held before Mag Judge Vanzetta P. McPherson on 4/4/96 (snc) (Entered: 04/05/1996) |
| 04/04/1996 | 64 | Courtroom Deputy's Minutes of Detention Hearing as to Douglas Gene Mayberry: Order to issue detaining defendant. Witness list attached; Tape 2001 (snc) (Entered: 04/05/1996) |
| 04/04/1996 | | **Terminated document(s) as to Douglas Gene Mayberry, Precious Inita Willis Mayberry : terminating [29-1] motion for Detention Hearing as to Precious Inita Willis Mayberry (6), terminating [27-1] motion for Detention Hearing as to Douglas Gene Mayberry (4) (snc) (Entered: 04/05/1996) |
| 04/05/1996 | 66 | DETENTION ORDER as to Douglas Gene Mayberry ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA, USM, USPO, USPTS (dkt clerk) (Entered: 04/05/1996) |
| 04/10/1996 | | ARRAIGNMENT as to Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, Meredith Johnson, Terry Dean, James Edward Johnson II held before Mag Judge Vanzetta P. McPherson on 4/10/96 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of not guilty. (snc) (Entered: 04/12/1996) |
| 04/10/1996 | | PLEA of Not Guilty: Daaiyah Jameelah Mustafa (3) count(s) 1, 2, 3, Douglas Gene Mayberry (4) count(s) 1, 2, 3, Marlan Everett Engle (5) |

| | | count(s) 1, 2, 3, Precious Inita Willis Mayberry (6) count(s) 1, 2, 3, Tony Laverne Pruitt (8) count(s) 1, 2, 3, Meredith Johnson (9) count(s) 1, 2, 3, Terry Dean (12) count(s) 1, 2, 3, James Edward Johnson (13) count(s) 1, 2, 3 ; Court accepts plea. (snc) (Entered: 04/12/1996) |
|---|---|---|
| 04/10/1996 | 83 | Courtroom Deputy's Minutes of Arraignment as to Douglas Gene Mayberry: Atty Bruner stood in as counsel for arraignment only; Atty Stoner failed to appear. Order on arraignment to issue; Pat Higgins, Court Reporter (Dunn, King, ec.) (snc) (Entered: 04/12/1996) |
| 04/11/1996 | 92 | ORDER on Arraignment as to Douglas Gene Mayberry directing that Discovery is due on or before 4/17/96 for Douglas Gene Mayberry Pretrial Motions due by 4/24/96 for Douglas Gene Mayberry ; Pretrial set 3:00 4/30/96 for Douglas Gene Mayberry in Room 330 Courtroom before Mag Judge Vanzetta P. McPherson Jury Trial set 10:00 5/28/96 for Douglas Gene Mayberry in Second Floor Courtroom before Judge Myron H. Thompson Jury Selection 10:00 5/28/96 for Douglas Gene Mayberry in Second Floor Courtroom before Judge Myron H. Thompson and government response to pretrial motions due 10 days from motion filing date; that the government shall respond in writing to all Brady requests, no later than 3 working days prior to scheduled pretrial conference; tha tthe government agrees to provide defense counsel with all Jencks Act statements no later than 5/28/96. (Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel and defendant, Copies furnished to: USA, USM, USPO, USPTS, SHEILA, TIM, MARIE. (dkt clerk) (Entered: 04/12/1996) |
| 04/12/1996 | | **Reset last document number to 101 (dkt clerk) (Entered: 04/12/1996) |
| 04/18/1996 | 121 | TRIAL NOTICE as to Douglas Gene Mayberry ; Trial set for 10:00 5/28/96 for Douglas Gene Mayberry at Second Floor Courtroom ; TRIAL Notice to ATTORNEYS Allen R. Stoner for defendant Douglas Gene Mayberry, R. Randolph Neeley for plaintiff USA ; Clothing Notice mailed. (dkt clerk) (Entered: 04/18/1996) |
| 04/18/1996 | 131 | MOTION by Douglas Gene Mayberry for Reconsideration of [66-1] 4/5/96 detention order [131-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 04/18/1996) |
| 04/19/1996 | 136 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II referring all pretrial matters to Mag. Judge McPherson for consideration and disposition or re- commendation as may be appropriate. ( Signed by Judge Myron H. Thompson ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 04/19/1996) |
| 04/30/1996 | 167 | MOTION by Douglas Gene Mayberry for Leave to File pretrial motions out of time [167-1] referred to Mag. Judge Vanzetta P. McPherson (dkt clerk) (Entered: 04/30/1996) |

| | | |
|---|---|---|
| 05/02/1996 | 176 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II that on or before 5/10/96 defendants shall file notice of their intent to amend all dispositive motions, etc.; that on or before 5/6/96 all motions to continue trial must be filed; DIRECTING the Govt. to make documents, etc. available for examination and copying for at least two (2) hours on Wednesday thru Friday of each week until 5/30/96; DIRECTING the Govt. to file a schedule for said document review on or before 5/10/96; that if a continuance of trial if granted, the Govt. shall on or before 5/30/96 provide all discovery; on or before 6/28/96, defts. shall file all dispositve motions with written responses due from the Govt. by 7/10/96; that all other provisions of the ORDER ON ARRAIGNEMT not amended herein shall remain in full force and effect. ( Signed by Mag. Judge Vanzetta P. McPherson ) Copies mailed to: ALL COUNSEL OF RECORD, Copies furnished to: USA (dkt clerk) (Entered: 05/02/1996) |
| 05/02/1996 | 176 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II granting [167-1] motion for Leave to File pretrial motions out of time ( Signed by Mag. Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 05/02/1996) |
| 05/02/1996 | | **Reset last document number to 176 (dkt clerk) (Entered: 05/02/1996) |
| 05/06/1996 | 178 | MOTION by Douglas Gene Mayberry to continue trial [178-1] referred to Judge Myron H. Thompson (dkt clerk) (Entered: 05/06/1996) |
| 05/08/1996 | 180 | ORDER as to Douglas Gene Mayberry denying [131-1] motion for Reconsideration of [66-1] 4/5/96 detention order as to Douglas Gene Mayberry (4) ( Signed by Mag. Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) Modified on 05/08/1996 (Entered: 05/08/1996) |
| 05/08/1996 | 184 | ORDER as to Douglas Gene Mayberry, Marlan Everett Engle, Motion hearing set for 10:00 5/16/96 for Douglas Gene Mayberry, for Marlan Everett Engle and all other defendants and their counsel are DIRECTED to be present because the entire case for be continued from the present trial setting; hearing set before Judge Myron H. Thompson in Second Floor Courtroom re: [179-1] motion to continue trial, [178-1] motion to continue trial ( Signed by Judge Myron Thompson ) Copies mailed to: counsel, Copies furnished USA (dkt clerk) Modified on 05/08/1996 (Entered: 05/08/1996) |
| 05/08/1996 | | **Reset last document number to 184 (dkt clerk) (Entered: 05/08/1996) |

| 05/10/1996 | 192 | Discovery Review Schedule by USA (dkt clerk) (Entered: 05/10/1996) |
|---|---|---|
| 05/16/1996 | | Motion hearing held before Judge Myron H. Thompson as to Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Jason Ray Sweatman, Terry Dean, James Edward Johnson II re: [190-1] motion to continue trial, [179-1] motion to continue trial, [178-1] motion to continue trial. (Mitchell Reisner, Ct. Rptr.) (dkt clerk) (Entered: 05/16/1996) |
| 05/16/1996 | 199 | Courtroom Deputy's Minutes as to Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Jason Ray Sweatman, Terry Dean, James Edward Johnson II: motions to continue trial. (dkt clerk) (Entered: 05/16/1996) |
| 05/16/1996 | | **Terminated deadlines as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II (dkt clerk) (Entered: 05/16/1996) |
| 05/16/1996 | 202 | ORDER as to Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Jason Ray Sweatman, Terry Dean, James Edward Johnson II granting [190-1],[179-1],[178-1] motions to continue trial reset Jury Selection for 10:00 a.m. on 11/4/96 before Judge Peter Beer in the Second Floor Courtroom , and reset Jury Trial at 10:00 a.m. on 11/4/96 before Judge Peter Beer in the Second Floor Courtroom Signed by Judge Myron H. Thompson ) Copies mailed to: counsel, Copies furnished to: FPD,USA,USPO,USM,USPTS (dkt clerk) Modified on 05/20/1996 (Entered: 05/16/1996) |
| 05/17/1996 | | Deadline updated to 10:00 11/4/96 for all defts. (dkt clerk) (Entered: 05/17/1996) |
| 05/17/1996 | | **Excludable XT (per Doc #202 continuing case -- ends of justice) as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II (snc) (Entered: 10/22/1996) |
| 05/29/1996 | 205 | SECOND MOTION by Douglas Gene Mayberry for Reconsideration of [66-1] detention order [205-1] referred to Mag. Judge Vanzetta P. McPherson (dkt clerk) (Entered: 05/29/1996) |
| 05/30/1996 | 207 | MOTION by USA to Extend Time in which to complete discovery until 6/30/96 [207-1] referred to Mag. Judge Vanzetta P. McPherson (dkt clerk) |

| | | |
|---|---|---|
| | | (Entered: 05/30/1996) |
| 05/31/1996 | 208 | ORDER as to Douglas Gene Mayberry, Response to Motion reset for 6/10/96 [205-1] motion for Reconsideration of [66-1] detention order ( Signed by Mag. Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 05/31/1996) |
| 06/10/1996 | 211 | RESPONSE by USA as to Douglas Gene Mayberry re [205-1] second motion for Reconsideration of [66-1] detention order pending trial referred to Mag. Judge Vanzetta P. McPherson (dkt clerk) (Entered: 06/10/1996) |
| 06/27/1996 | 215 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II granting [207-1] motion to Extend Time in which to complete discovery until 6/20/96 ( Signed by Mag. Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA (dkt clerk) (Entered: 06/27/1996) |
| 06/27/1996 | 216 | ORDER as to Douglas Gene Mayberry, Motion hearing set for 2:30 7/11/96 before Mag. Judge Vanzetta P. McPherson in Room 330 Courtroom re: [205-1] motion for Reconsideration of [66-1] detention order ( Signed by Mag. Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA,USPO,USM,USPTS,MT,SC (dkt clerk) (Entered: 06/27/1996) |
| 07/11/1996 | | **Reset last document number to 230 (snc) (Entered: 07/11/1996) |
| 07/11/1996 | | Motion hearing held before Mag Judge Vanzetta P. McPherson as to Douglas Gene Mayberry re: [205-1] motion for Reconsideration of [66-1] detention order (snc) (Entered: 07/11/1996) |
| 07/11/1996 | 233 | Courtroom Deputy's Minutes as to Douglas Gene Mayberry: Dft to be released on secured (property) bond and electronic monitoring when conditions met. Tape 1264 (snc) (Entered: 07/11/1996) |
| 07/11/1996 | | Deadline updated as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II, set Jury Selection for 10:00 11/4/96 before Judge Peter Beer in Second Floor Courtroom , set Jury Trial at 10:00 11/4/96 before Judge Peter Beer in Second Floor Courtroom (dkt clerk) (Entered: 07/19/1996) |
| 07/15/1996 | | Bond hearing as to Douglas Gene Mayberry held before Mag Judge Vanzetta P. McPherson on 7/15/96 (sql) (Entered: 07/15/1996) |
| 07/15/1996 | 240 | Courtroom Deputy's Minutes as to Douglas Gene Mayberry of bond hearing.: (sql) (Entered: 07/15/1996) |

| 07/15/1996 | 241 | ORDER Setting Conditions of Release as to Douglas Gene Mayberry Bond set to $50,000 secured for Douglas Gene Mayberry. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft. & counsel, Copies furnished to: usa, ptso & usm (sql) (Entered: 07/15/1996) |
| 07/15/1996 | 242 | BOND entered by Douglas Gene Mayberry Bond set to $50,000 secured for Douglas Gene Mayberry. (sql) (Entered: 07/15/1996) |
| 07/15/1996 | | **Terminated document(s) as to Douglas Gene Mayberry : terminating [205-1] motion for Reconsideration of [66-1] detention order as to Douglas Gene Mayberry (4) (snc) (Entered: 10/11/1996) |
| 09/17/1996 | 272 | MOTION by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II for Reciprocal Discovery [272-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 09/17/1996) |
| 09/25/1996 | | **Reset last document number to 280 (dkt clerk) (Entered: 09/25/1996) |
| 10/07/1996 | | CASE reassigned to Judge Truman M. Hobbs (snc) (Entered: 10/08/1996) |
| 10/08/1996 | | Deadline updated as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II, reset Jury Trial on 10:00 11/4/96 before Judge Truman M. Hobbs in U.S. Courthouse , reset Jury Selection for 10:00 11/4/96 at U.S. Courthouse before Judge Truman M. Hobbs in U.S. Courthouse (snc) (Entered: 10/08/1996) |
| 10/09/1996 | 285 | MOTION by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II to Dismiss COUNT III of Indictment [285-1] referred to Judge Truman M. Hobbs (snc) (Entered: 10/09/1996) |
| 10/10/1996 | 285 | ORDER (incorporated in motion) as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II granting [285-1] motion to Dismiss COUNT III of Indictment (Signed by Judge Truman M. Hobbs) Copies mailed to all counsel and furnished to FD, USA, USM, USPO, USPTSO. (snc) (Entered: 10/17/1996) |

| 10/10/1996 | | DISMISSAL of Count(s) on Government Motion. Counts Dismissed: Oscar Hernan Pena (1) count(s) 3, Miguel A. Garrido (2) count(s) 3, Daaiyah Jameelah Mustafa (3) count(s) 3, Douglas Gene Mayberry (4) count(s) 3, Everett Engle (5) count(s) 3, Precious Inita Willis Mayberry (6) count(s) 3, George Charles Chilikas (7) count(s) 3, Tony Laverne Pruitt (8) count(s) 3, Meredith Johnson (9) count(s) 3, Monica Kenlon Saunders (10) count(s) 3, Jason Ray Sweatman (11) count(s) 3, Terry Dean (12) count(s) 3, James Edward Johnson (13) count(s) 3 (snc) (Entered: 10/17/1996) |
| 10/16/1996 | 295 | MOTION by Douglas Gene Mayberry to remove Electronic Monitor [295-1] referred to Mag Judge Vanzetta P. McPherson (nhr) (Entered: 10/17/1996) |
| 10/17/1996 | | **Reset last document number to 295 (snc) (Entered: 10/18/1996) |
| 10/18/1996 | 299 | ORDER as to Douglas Gene Mayberry directing the Govt to Show Cause re dft's motion/remove electronic monitoring [295-1]; show cause hearing set for 3:00 10/21/96 for Douglas Gene Mayberry at Room 330 Courtroom , and directing the Clerk to fax a copy of this order to defendant Mayberry's counsel and counsel for the government. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel & dft; Copies furnished to: USA, USM, USPO, USPTSO; copies faxed USA and Atty Stoner (snc) Modified on 10/18/1996 (Entered: 10/18/1996) |
| 10/21/1996 | | Motion hearing as to Daaiyah Jameelah Mustafa, Douglas Gene Mayberry re: [295-1] motion to remove Electronic Monitor, [284-1] motion for Pretrial Release (snc) (Entered: 10/22/1996) |
| 10/21/1996 | 300 | Courtroom Deputy's Minutes of Motion Hearing as to Daaiyah Jameelah Mustafa and Douglas Gene Mayberry: Motions taken under advisement. Witness List attached. Tape 1308 (snc) (Entered: 10/22/1996) |
| 10/22/1996 | | TRANSCRIPT of Detention Hearing filed in case as to Douglas Gene Mayberry, Precious Inita Willis Mayberry for dates of April 4, 1996 (Betty Murphree, Court Reporter) (snc) (Entered: 10/22/1996) |
| 10/22/1996 | 302 | ORDER as to Douglas Gene Mayberry granting [295-1] motion to remove Electronic Monitor as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel and dft, Copies furnished to: USA, USM, USPO, USPTSO (snc) (Entered: 10/22/1996) |
| 10/24/1996 | 309 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II granting [287-1] motion to continue Trial as to Oscar Hernan Pena (1), finding that the defendants rights to a speedy trial pursuant to 18:3161 are not affected by moving the trial to 12/9/96, and rescheduling the trial of this cause, as to all dfts, to 12/9/96 ( Signed by Judge Truman M. Hobbs ) Copies mailed to: all counsel of record, Copies |

| | | |
|---|---|---|
| | | furnished to: USA, FD, USM, USPO, USPTSO, MT, CC, and BM. (Informational copy to Magistrate Judge McPherson.) (snc) (Entered: 10/25/1996) |
| 10/24/1996 | | Jury selection as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II reset for 10:00 12/9/96 before Judge Truman M. Hobbs (snc) (Entered: 10/31/1996) |
| 10/24/1996 | | **Terminated deadlines as to Oscar Hernan Pena, Douglas Gene Mayberry, George Charles Chilikas, Monica Kenlon Saunders, Jason Ray Sweatman (snc) (Entered: 10/31/1996) |
| 10/30/1996 | 316 | TRIAL NOTICE as to Douglas Gene Mayberry. Trial set for 10:00 12/9/96 at U.S. Courthouse. TRIAL Notice mailed to dft and Atty Allen Stoner (w/juror profile ntc), furnished USA, USM, USPO, USPTSO (snc) (Entered: 10/31/1996) |
| 10/31/1996 | 330 | MOTION by USA as to Douglas Gene Mayberry for ex parte Order to Disclose returns and return information [330-1] referred to Mag. Judge John L. Carroll (nhr) (Entered: 11/01/1996) |
| 11/01/1996 | 343 | ORDER as to Douglas Gene Mayberry granting [330-1] motion for ex parte Order to Disclose returns and return information as to Douglas Gene Mayberry (4) ( Signed by Judge John L. Carroll ) , Copies furnished to: 2 cert. to USA (nhr) (Entered: 11/01/1996) |
| 11/01/1996 | | TRANSCRIPT filed in case as to Daaiyah Jameelah Mustafa, Douglas Gene Mayberry for dates of October 21, 1996, motion hearings, before Magistrate Judge McPherson. (reporter: Betty Murphree) (nhr) (Entered: 11/01/1996) |
| 11/15/1996 | 367 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II, setting Status Conference for 9:00 11/22/96 before Mag Judge Vanzetta P. McPherson in Room 330 Courtroom ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: FD, USA, USM, USPO, USPTSO, MT (snc) (Entered: 11/15/1996) |
| 11/18/1996 | 368 | ORDER granting [272-1] motion for Reciprocal Discovery as to Oscar Hernan Pena (1), Miguel A. Garrido (2), Daaiyah Jameelah Mustafa (3), Douglas Gene Mayberry (4), Marlan Everett Engle (5), Precious Inita Willis Mayberry (6), George Charles Chilikas (7), Tony Laverne Pruitt (8), Meredith Johnson (9), Monica Kenlon Saunders (10), Jason Ray Sweatman (11), Terry Dean (12), James Johnson (13). All dfts who have not responded shall respond to the motion on or before 11/22/96. ( Signed |

| | | |
|---|---|---|
| | | by Mag Judge Vanzetta P. McPherson ) Copies mailed to: all counsel, Copies furnished to: FD, USA, USPO, USPTSO (snc) Modified on 11/19/1996 (Entered: 11/19/1996) |
| 11/22/1996 | | Status conference as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II held before Mag Judge Vanzetta P. McPherson on 11/22/96 (snc) (Entered: 11/26/1996) |
| 11/22/1996 | | MOTION in open court (at status conference) by Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II to Require the Govt to Provide Notice of Intent to Use Rule 404(b) Evidence at Trial [0-0] referred to Mag Judge Vanzetta P. McPherson (snc) (Entered: 11/26/1996) |
| 11/22/1996 | | MOTION in open court (at status conference) by Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II for Production of Favorable and/or Exculpatory Evidence [0-0] referred to Mag Judge Vanzetta P. McPherson (snc) (Entered: 11/26/1996) |
| 11/22/1996 | | ORAL ORDER (at status conference) as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II granting [0-0] oral motion for Production of Favorable and/or Exculpatory Evidence granting [0-0] oral motion to Require the Govt to Provide Notice of Intent to Use Rule 404(b) Evidence at Trial ( Entered by Mag Judge Vanzetta P. McPherson ) (snc) (Entered: 11/26/1996) |
| 11/25/1996 | 382 | RESPONSE by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II re [0-0] oral motion to Require the Govt to Provide Notice of Intent to Use Rule 404(b) Evidence at Trial referred to Judge Truman M. Hobbs (snc) (Entered: 11/26/1996) |
| 11/25/1996 | 383 | RESPONSE by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray |

|  |  | Sweatman, Terry Dean, James Edward Johnson II re [0-0] oral motion for Production of Favorable and/or Exculpatory Evidence referred to Judge Truman M. Hobbs (snc) (Entered: 11/26/1996) |
|---|---|---|
| 12/05/1996 | 407 | Requested Voir Dire Questions by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II (snc) Modified on 12/05/1996 (Entered: 12/05/1996) |
| 12/05/1996 | 408 | Proposed Jury Instructions by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II (snc) (Entered: 12/05/1996) |
| 12/06/1996 |  | **Reset last document number to 422 (nhr) (Entered: 12/06/1996) |
| 12/09/1996 | 428 | USA's NOTICE of Prior Drug Felonies for Purposes of Enhanced Sentencing as to Douglas Gene Mayberry (snc) (Entered: 12/24/1996) |
| 12/09/1996 |  | Voir dire begun as to Oscar Hernan Pena (1) count(s) 1, 2, Miguel A. Garrido (2) count(s) 1, 2, Daaiyah Jameelah Mustafa (3) count(s) 1, 2, Douglas Gene Mayberry (4) count(s) 1, 2, Marlan Everett Engle (5) count(s) 1, 2, Precious Inita Willis Mayberry (6) count(s) 1, 2, Tony Laverne Pruitt (8) count(s) 1, 2, James Edward Johnson (13) count(s) 1, 2 (snc) (Entered: 12/24/1996) |
| 12/09/1996 |  | Jury selection as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II held before Judge Truman M. Hobbs on 12/9/96 (snc) (Entered: 12/24/1996) |
| 12/09/1996 |  | Jury trial as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II held before Judge Truman M. Hobbs on 12/9/96 thru 12/18/96 (snc) (Entered: 12/24/1996) |
| 12/10/1996 |  | MOTION in open court by Douglas Gene Mayberry in Limine re Proposed Testimony of McReath [0-0] referred to Judge Truman M. Hobbs (snc) (Entered: 12/24/1996) |
| 12/10/1996 |  | ORAL ORDER as to Douglas Gene Mayberry granting [0-0] oral motion in Limine re Proposed Testimony of McReath as outlined ( Entered by Judge Truman M. Hobbs ) (snc) (Entered: 12/24/1996) |
| 12/16/1996 |  | MOTION in open court by Douglas Gene Mayberry for Judgment of Acquittal (at Close of Govt's Evidence) [0-0] referred to Judge Truman M. |

| | | |
|---|---|---|
| | | Hobbs (snc) (Entered: 12/24/1996) |
| 12/16/1996 | | ORAL ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II denying [0-0] oral motion for Judgment of Acquittal (at Close of Govt's Evidence) as to Marlan Everett Engle (5), denying [0-0] oral motion for Judgment of Acquittal (at Close of Govt's Evidence) as to Douglas Gene Mayberry (4), denying [0-0] oral motion for Judgment of Acquittal (at Close of Govt's Evidence) as to Miguel A. Garrido (2), denying [0-0] oral motion for Judgment of Acquittal (at Close of Govt's Evidence) as to Daaiyah Jameelah Mustafa (3), denying [433-1] motion for Judgment of Acquittal (at Close of Government's Evidence as to James Edward Johnson (13), denying [432-1] motion for Judgment of Acquittal at Conclusion of Government's Evidence as to Tony Laverne Pruitt (8), granting [431-1] motion for Judgment of Acquittal (at Close of Govt's Case) and Memo of Law in Support Thereof as to Precious Inita Willis Mayberry (6), denying [430-1] motion for Judgment of Acquittal at Close of Government's Case as to Oscar Hernan Pena (1) ( Entered by Judge Truman M. Hobbs ) (snc) (Entered: 12/24/1996) |
| 12/17/1996 | | MOTION in open court by Douglas Gene Mayberry for Judgment of Acquittal at Close of All Evidence [0-0] referred to Judge Truman M. Hobbs (snc) (Entered: 12/24/1996) |
| 12/17/1996 | | ORAL ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Tony Laverne Pruitt, James Edward Johnson II denying [0-0] oral motion for Judgment of Acquittal at Close of all Evidence as to Marlan Everett Engle (5), denying [0-0] oral motion for Judgment of Acquittal at Close of All Evidence as to Douglas Gene Mayberry (4), denying [0-0] oral motion for Judgment of Acquittal at Close of all Evidence as to Daaiyah Jameelah Mustafa (3), denying [0-0] oral motion for Judgment of Acquittal at Close of All Evidence as to Miguel A. Garrido (2), denying [437-1] motion for Judgment of Acquittal at the Close of all Evidence as to James Edward Johnson (13), denying [436-1] motion for Judgment of Acquittal at conclusion of All the Evidence as to Tony Laverne Pruitt (8), denying [435-1] motion for Judgment of Acquittal at Close of All Evidence as to Oscar Hernan Pena (1) ( Entered by Judge Truman M. Hobbs ) (snc) (Entered: 12/24/1996) |
| 12/18/1996 | 441 | JURY VERDICT of Guilty: Douglas Gene Mayberry (4) count(s) 1, 2 (Cy furnished USPO) (snc) (Entered: 12/24/1996) |
| 12/18/1996 | 449 | ORDER as to Douglas Gene Mayberry setting Sentencing for 10:00 3/5/97 for Douglas Gene Mayberry at U.S. Courthouse before Judge Truman M. Hobbs , directing counsel for parties to communicate in writing to the PO on or before 2/12/97 any objections to the PSR, and directing parties to be available for a conference on 2/13/97 at 3:00 p.m., as outlined in order. ( Signed by Judge Truman M. Hobbs ) Copies mailed |

| | | to: counsel, Copies furnished to: USA, USM, USPO, USPTSO, MT (snc) (Entered: 12/24/1996) |
|---|---|---|
| 12/18/1996 | 450 | ORDER as to Douglas Gene Mayberry remanding dft to the custody of the USM as required by 18:3143, as amended ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel and dft, Copies furnished to: USA, USM, USPO, USPTSO, MT (snc) (Entered: 12/24/1996) |
| 12/18/1996 | | **Location LC as to Douglas Gene Mayberry (snc) (Entered: 12/24/1996) |
| 12/18/1996 | 454 | Courtroom Deputy's Minutes of 12/9/96 thru 12/18/96 Jury Selection and Trial as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II: Dft Precious Inita Willis Mayberry ACQUITTED by the Court on 12/16/96. Jury Verdicts returned on 12/18/96: GUILTY on Cts 1 and 2: Pena, Garrido, Mustafa, D. Mayberry, Engle. Dft Pruitt: GUILTY as to Ct 1; NOT GUILTY as to Ct 2. Dft J. Johnson: NOT GUILTY as to Cts 1 & 2. Witness and Exhibit Lists attached. INTERPRETERS (for dfts Pena and Garrido): Judith Kristy and Amy Matejcek. Court Reporters: James Dickens, 12/9/96--a.m. and 12/10/96; Michele McNeely [Reagan, Pruitt], 12/9/96--p.m.; and Mitchell Reisner, 12/11/96 thru 12/18/96. (snc) (Entered: 12/24/1996) |
| 12/30/1996 | 459 | MOTION by Douglas Gene Mayberry for New Trial [459-1] referred to Judge Truman M. Hobbs (snc) (Entered: 12/31/1996) |
| 12/30/1996 | 460 | MOTION by Douglas Gene Mayberry for Allen Stoner to Withdraw as Attorney [460-1] referred to Judge Truman M. Hobbs (snc) (Entered: 12/31/1996) |
| 01/14/1997 | 469 | MOTION by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II for Temporary Return of Evidence (Trial Exhs 1-254, 301, 340(a), 340(b), 380-383 and to Substitute Exhibit 262 with a Photocopy [469-1] referred Judge Truman M. Hobbs (snc) Modified on 01/14/1997 (Entered: 01/14/1997) |
| 01/15/1997 | 470 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II granting [469-1] motion for (Temporary) Return of Evidence (Trial Exhs 1-254, 301, 340(a), 340(b), 380-383 and to Substitute Exhibit 262 with a Photocopy ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel, Copies furnished to: FD, USA, USPO, USPTSO (snc) (Entered: 01/15/1997) |
| 01/17/1997 | 472 | ORDER Mayberry denying [459-1] motion for New Trial as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel and dft, Copies furnished to: USA, USM, USPO, USPTSO |

| | | |
|---|---|---|
| | | (snc) (Entered: 01/17/1997) |
| 01/17/1997 | 473 | ORDER denying [460-1] motion for Allen Stoner to Withdraw as Attorney as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel, Copies furnished to: DFT (via USM), USA, USM, USPO, USPTSO (snc) (Entered: 01/17/1997) |
| 01/17/1997 | 478 | MOTION by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II for (Temporary) Return of Evidence (All Pena, et al., Trial Exhibits) [478-1] referred to Judge Truman M. Hobbs (snc) (Entered: 01/17/1997) |
| 01/21/1997 | 482 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II granting [478-1] motion for (Temporary) Return of Evidence (All Pena, et al., Trial Exhibits) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel, Copies furnished to: USA (snc) (Entered: 01/21/1997) |
| 02/10/1997 | 491 | SENTENCING NOTICE as to Douglas Gene Mayberry. Sentencing set for 10:00 3/5/97 at U.S. Courthouse. SENTENCING Notice sent to Atty Stoner; Copies furnished to: USA, USM, USPO, USPTSO, DFT via USM (snc) (Entered: 02/13/1997) |
| 03/03/1997 | | TRANSCRIPT (Volume I) of Jury Trial commencing 12/9/96 filed in case as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II for dates of December 9, 1996. Michele McNeely, Court Reporter (Reagan, Pruitt & Clark) Copy furnished Atty Freeman for dft Mustafa (snc) (Entered: 03/04/1997) |
| 03/03/1997 | | TRANSCRIPT (Volumes III-VIII) of Jury Trial commencing December 9, 1996, filed in case as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II for dates of December 11-18, 1996. Mitchell Reisner, Court Reporter. (Copy furnished Atty Freeman for dft Mustafa) (snc) (Entered: 03/04/1997) |
| 03/05/1997 | 520 | MOTION by USA as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II to Substitute Photocopy of Original (Govt's Trial Exhibit 344(n) [520-1] referred to Judge Truman M. Hobbs (snc) (Entered: 03/05/1997) |
| 03/05/1997 | | Sentencing held before Judge Truman M. Hobbs on 3/5/97 Marlan Everett Engle (5) count(s) 1, 2, George Charles Chilikas (7) count(s) 1, Tony |

| | | |
|---|---|---|
| | | Laverne Pruitt (8) count(s) 1, Jason Ray Sweatman (11) count(s) 1, Terry Dean (12) count(s) 1. Sentencing COMMENCED as to Douglas Gene Mayberry; CONTINUED to 3/6/97 at 11:00 a.m. (snc) (Entered: 03/05/1997) |
| 03/06/1997 | 536 | ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II granting [520-1] motion to Substitute Photocopy of Original (Govt's Trial Exhibit 344(n) and directing the Clerk to affect the substitution (Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel, Copies furnished to: USA, USPO (snc) (Entered: 03/06/1997) |
| 03/06/1997 | | Sentencing hearing held before Judge Truman M. Hobbs on March 5-6, 1997 Douglas Gene Mayberry (4) count(s) 1, 2 (Sentence imposed on 3/6/97) (snc) (Entered: 03/06/1997) |
| 03/06/1997 | 539 | ORDER as to Douglas Gene Mayberry Sealing the Presentence Report and outlining procedures for transmittal to the Appellate Court, if an appeal is taken. ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel, Copies furnished to: USA, USPO (snc) (Entered: 03/06/1997) |
| 03/06/1997 | 540 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Douglas Gene Mayberry (snc) (Entered: 03/06/1997) |
| 03/06/1997 | 541 | Courtroom Deputy's Minutes of March 5-6, 1997, SENTENCING HEARING before Judge Truman M. Hobbs as to Douglas Gene Mayberry, Marlan Everett Engle, George Charles Chilikas, Tony Laverne Pruitt, Jason Ray Sweatman, Terry Dean: Court's oral findings as to all objections to PSR. Witness and Exhibit Lists attached; exhibits attached to list in Court file. James Dickens, Court Reporter (snc) (Entered: 03/06/1997) |
| 03/06/1997 | 542 | JUDGMENT Douglas Gene Mayberry (4). Count(s) 1: 292 Mos BOP; 8 Yrs Sup Rel; $50 SA, due immediately. Count 2: 240 Mos BOP conc w/Ct 1; 3 Yrs Sup Rel conc w/Ct 1; $50 SA, due immediately. Count: 3. Dismissed on Govt's Motion on 10/10/96. Defendant remanded to the custody of the USM. ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel, Copies furnished to: USA, USM, USPO, USPTSO (snc) Modified on 03/06/1997 (Entered: 03/06/1997) |
| 03/12/1997 | 554 | NOTICE OF APPEAL by Douglas Gene Mayberry (4) count(s) 1 to U.S. Circuit Court of Appeals, 11th Circuit, from the final judgment entered in this action on March 6, 1997. Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO, Court Reporter (dkt clerk) (Entered: 03/13/1997) |
| 03/12/1997 | 555 | MOTION by Douglas Gene Mayberry for Transcript at Government Expense [555-1] referred to Judge Truman M. Hobbs (dkt clerk) (Entered: 03/13/1997) |

| | | |
|---|---|---|
| 03/13/1997 | | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Douglas Gene Mayberry sent to USCA (11th Circuit): [554-1] appeal (dkt clerk) (Entered: 03/13/1997) |
| 03/13/1997 | | TRANSCRIPT (Vol III) filed in case as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, Tony Laverne Pruitt, James Edward Johnson II for dates of December 10, 1996 for Jury Trial (reporter Dickens)(nhr) Modified on 03/31/1997 (Entered: 03/14/1997) |
| 03/19/1997 | | **Reset last document number to 559 (snc) (Entered: 03/19/1997) |
| 03/19/1997 | 563 | ORDER as to Douglas Gene Mayberry granting [555-1] motion for Transcript at Government Expense as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO (dkt clerk) (Entered: 03/19/1997) |
| 03/31/1997 | | CJA-24 vouchers for transcript of March 5-6, 1997 Sentence as to Douglas Gene Mayberry, Marlan Everett Engle, George Charles Chilikas, Tony Laverne Pruitt forwarded to Attorneys for signature. (dkt clerk) (Entered: 03/31/1997) |
| 04/02/1997 | | USCA Case Number as to Douglas Gene Mayberry Re: [554-1] appeal USCA Number: 97-6217 (dkt clerk) (Entered: 04/03/1997) |
| 04/14/1997 | | CJA-24 vouchers as to Douglas Gene Mayberry, Marlan Everett Engle, George Charles Chilikas, Tony Laverne Pruitt for transcript of 3/5-6/97 Sentence Hearing forwarded to James Dickens, Court Reporter. (dkt clerk) (Entered: 04/14/1997) |
| 04/29/1997 | 592 | Judgment Returned Executed as to Douglas Gene Mayberry; dft delivered to FCI Talladega at Talladega, AL on 4/22/97 (snc) (Entered: 04/30/1997) |
| 05/05/1997 | | TRANSCRIPT filed [James Dickens] as to Douglas Gene Mayberry for dates of 3/5-6/97 Sentence Hearing. [554-1] appeal (dkt clerk) (Entered: 05/05/1997) |
| 05/07/1997 | | **Case closed as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Precious Inita Willis Mayberry, George Charles Chilikas, Tony Laverne Pruitt, Meredith Johnson, Monica Kenlon Saunders, Jason Ray Sweatman, Terry Dean, James Edward Johnson II (all defendants). (snc) (Entered: 05/07/1997) |
| 06/02/1997 | | **Reset last document number to 602 (dkt clerk) (Entered: 06/02/1997) |
| 06/03/1997 | 604 | CJA 24 as to Douglas Gene Mayberry Authorization to Pay James Dickens $ 105.00 for Transcript of the 3/5-6/97 Sentence Hearing. ( Signed by Judge Truman M. Hobbs ) , (dkt clerk) (Entered: 06/03/1997) |
| 07/08/1997 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: as to Oscar Hernan Pena, Miguel A. Garrido, |

| | | Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Tony Laverne Pruitt [586-1] appeal by Daaiyah Jameelah Mustafa, [585-1] appeal by Miguel A. Garrido, [581-1] appeal by Oscar Hernan Pena, [558-1] appeal by Marlan Everett Engle, [554-1] appeal by Douglas Gene Mayberry, [552-1] appeal by Tony Laverne Pruitt, [535-1] appeal by Marlan Everett Engle (dkt clerk) (Entered: 07/08/1997) |
|---|---|---|
| 07/09/1997 | 612 | MOTION by Douglas Gene Mayberry To Supplement Record on Appeal [612-1] referred to Judge Truman M. Hobbs (dkt clerk) (Entered: 07/09/1997) |
| 07/11/1997 | 613 | ORDER granting [612-1] motion To Supplement Record on Appeal as to Douglas Gene Mayberry (4) ( signed by Judge Truman M. Hobbs ) , copies mailed to counsel and 11th Circuit Court of Appeals; furnished to USA, USM, USPO. (dkt clerk) (Entered: 07/15/1997) |
| 08/06/1997 | 616 | CJA 20 Authorization to pay Allen R. Stoner for defendant Douglas Gene Mayberry, Amount: $ 6,144.00, Voucher # 0760102 (Signed by Judge Truman M. Hobbs and Chief Judge Joseph W. Hatchett, Eleventh Circuit Court of Appeal) (snc) (Entered: 08/06/1997) |
| 10/16/1997 | | Received $25.00 from Douglas Gene Mayberry, thru BOP, in partial payment of SA; Receipt No. 67709 (snc) (Entered: 12/10/1997) |
| 10/20/1997 | | REQUEST for Record on Appeal from USCA re: [552-1] appeal by Tony Laverne Pruitt, [535-1] appeal by Marlan Everett Engle, [554-1] appeal by Douglas Gene Mayberry, [558-1] appeal by Marlan Everett Engle, [581-1] appeal by Oscar Hernan Pena, [585-1] appeal by Miguel A. Garrido, [586-1] appeal by Daaiyah Jameelah Mustafa (dkt clerk) (Entered: 10/24/1997) |
| 10/24/1997 | | Certified and transmitted record on appeal to U.S. Court of Appeals (11th Circuit) as to Tony Laverne Pruitt, Precious Inita Willis Mayberry, Marlan Everett Engle, Douglas Gene Mayberry, Daaiyah Jameelah Mustafa, Miguel A. Garrido, Oscar Hernan Pena : [552-1] appeal, [535-1] appeal, [554-1] appeal, [558-1] appeal, [581-1] appeal, [585-1] appeal, [586-1] appeal (dkt clerk) (Entered: 10/24/1997) |
| 11/10/1997 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [586-1] appeal by Daaiyah Jameelah Mustafa, [585-1] appeal by Miguel A. Garrido, [581-1] appeal by Oscar Hernan Pena, [558-1] appeal by Marlan Everett Engle, [554-1] appeal by Douglas Gene Mayberry, [552-1] appeal by Tony Laverne Pruitt, [535-1] appeal by Marlan Everett Engle USCA Number: 97-6217 (dkt clerk) (Entered: 11/12/1997) |
| 11/21/1997 | | REQUEST for Record on Appeal from USCA re: [550-1] appeal by George Charles Chilikas (dkt clerk) (Entered: 11/25/1997) |
| 12/15/1997 | 631 | MOTION by Douglas Gene Mayberry to Vacate under 28 U.S.C. 2255 [631-1] referred to Mag Judge Vanzetta P. McPherson ( Civil Action # 97-H-1677-N) (snc) (Entered: 12/17/1997) |

| | | |
|---|---|---|
| 12/16/1997 | | Copy of Magistrate Judge Carroll's ORDER in CA No. 97-T-1677-N (97-H-1677-N) CONSTRUING 2241 Petition as 2255 Motion (snc) (Entered: 12/17/1997) |
| 12/17/1997 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [550-1] appeal by George Charles Chilikas USCA Number: 97-6216 (dkt clerk) (Entered: 12/18/1997) |
| 12/19/1997 | 632 | ORDER as to Douglas Gene Mayberry, directing the Clerk to serve a copy of the 2255 motion upon the USA for this district and directing the USA to file an answer to the motion within 20 days from the date of this order ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA, USPO, Civil Clk (snc) (Entered: 12/19/1997) |
| 01/14/1998 | 633 | MEMORANDUM by Douglas Gene Mayberry in support of [631-1] motion to Vacate under 28 U.S.C. 2255. Referred to Magistrate Judge McPherson/Hinson (snc) (Entered: 01/14/1998) |
| 01/22/1998 | 634 | ORDER as to Douglas Gene Mayberry, set Show Cause deadline for United States to show cause on or before 1/31/98 why they have failed to answer in compliance with the Order entered by the court on December 19, 1997. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies to: Petitioner, Copies furnished to: USA, USM, USPO, Sheila (nhr) (Entered: 01/22/1998) |
| 01/30/1998 | 635 | RESPONSE ("Motion for Habeas Corpus Relief") by USA as to Douglas Gene Mayberry in opposition to [631-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag Judge Vanzetta P. McPherson/Staff Atty Hinson (snc) (Entered: 02/02/1998) |
| 02/02/1998 | | Received copy of ORDER as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Tony Laverne Pruitt (rendered 1/30/98) of the U.S. Court of Appeals, Eleventh Circuit; that Appellant Mayberry's "notice of motion for stay...," construed as a motion to stay briefing, DENIED; that it is improper to maintain a direct criminal appeal and 28 U.S.C. section 2255 motions at the same time; the the clerk is directed to serve a copy of this order on the two magistrate judges now consideration Appellant's two 28 U.S.C. section 2255 motions. (Signed by Circuit Judge E.R. Cox) (dkt clerk) (Entered: 02/05/1998) |
| 02/12/1998 | 636 | MOTION by Douglas Gene Mayberry to Dismiss Government's Untimely Habeas Response and Disregard Appellate Court's Order to deny Movant's "Motion to Stay. . ." [636-1] referred to Mag Judge Vanzetta P. McPherson (nhr) (Entered: 02/12/1998) |
| 02/13/1998 | 637 | ORDER as to Douglas Gene Mayberry directing the respondent to substitute a corrected front page of its 5/30/98 "Motion for Habeas Corpus Relief" on or before 2/17/98 , and directing the clerk to forward to copy to counsel for respondent via facsimile. ( Signed by Mag Judge Vanzetta P. |

| | | |
|---|---|---|
| | | McPherson ) Copies mailed to: dft, Copies furnished to: USA, USM, USPO, USPTSO; cy faxed to USA (snc) (Entered: 02/13/1998) |
| 02/13/1998 | 638 | ORDER as to Douglas Gene Mayberry directing government to file a supplemental response to motion within 20 days from the date of this order. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 02/13/1998) |
| 02/17/1998 | 639 | ORDER as to Douglas Gene Mayberry that the attached page be substituted for the order entered in this case on 2/13/98. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant; Copies furnished to: USA, USM, USPO, (jct) Modified on 02/17/1998 (Entered: 02/17/1998) |
| 02/17/1998 | 640 | MOTION by USA as to Douglas Gene Mayberry to Substitute Corrected Page of 1/30/98 Response to Motion for Habeas Corpus Relief [640-1] referred to Mag Judge Vanzetta P. McPherson (snc) (Entered: 02/18/1998) |
| 02/18/1998 | 641 | SUPPLEMENTAL MEMORANDUM by Douglas Gene Mayberry in support of [631-1] motion to Vacate under 28 U.S.C. 2255 (snc) (Entered: 02/20/1998) |
| 02/19/1998 | | STAMPED ORDER as to Douglas Gene Mayberry granting [640-1] motion to Substitute Corrected Page of 1/30/98 Response to Motion for Habeas Corpus Relief as to Douglas Gene Mayberry (4) ( Entered by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA, USM, USPO (jct) (Entered: 02/19/1998) |
| 03/06/1998 | 643 | RESPONSE by USA as to Douglas Gene Mayberry re [631-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag Judge Vanzetta P. McPherson/Staff Attorney (nhr) Modified on 03/10/1998 (Entered: 03/09/1998) |
| 03/18/1998 | 645 | ORDER as to Douglas Gene Mayberry, to Show Cause Why 2255 Petition Should not be Dismissed on or before 4/6/98 ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA, USPO, USPTSO (snc) (Entered: 03/25/1998) |
| 03/24/1998 | 646 | REPLY/TRAVERSE by Douglas Gene Mayberry to Government's Response re [631-1] motion to Vacate under 28 U.S.C. 2255 (snc) (Entered: 03/24/1998) |
| 03/24/1998 | 647 | RESPONSE by Douglas Gene Mayberry to [645-1] order to Show Cause Why 2255 Petition Should not be Dismissed (Movant's "Show Cause" why his Habeas Petition Should not be Dismissed for Failure to Exhaust Remedies) Referred to Mag Judge McPherson/SA Hinson (snc) (Entered: 03/25/1998) |
| 04/09/1998 | | **Address labels only (snc) (Entered: 04/09/1998) |
| 04/09/1998 | | Received $25 from Douglas Gene Mayberry, thru BOP, in partial payment of SA, Receipt No. 70531 (snc) (Entered: 10/09/1998) |

| 04/10/1998 | 648 | REPORT AND RECOMMENDATIONS of Mag Judge Vanzetta P. McPherson as to Douglas Gene Mayberry Re: [631-1] motion to Vacate under 28 U.S.C. 2255; Motion no longer referred; Objections to R and R due by 4/22/98 Copies mailed to: defendant, Copies furnished to: USA, USPO, USPTSO (snc) (Entered: 04/10/1998) |
| --- | --- | --- |
| 04/10/1998 | | REQUEST for Record on Appeal from USCA re: [601-1] appeal by Monica Kenlon Saunders (dkt clerk) (Entered: 04/13/1998) |
| 04/15/1998 | 649 | OBJECTION by Douglas Gene Mayberry to [648-1] report and recommendations re 2255 motion. Referred to Magistrate Judge McPherson (snc) (Entered: 04/15/1998) |
| 04/15/1998 | 650 | MOTION by Douglas Gene Mayberry for Immediate Release on Bond [650-1] referred to Mag Judge Vanzetta P. McPherson (snc) (Entered: 04/15/1998) |
| 04/23/1998 | 651 | ORDER as to Douglas Gene Mayberry denying [650-1] motion for Immediate Release on Bond as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA, USM, USPO, USPTSO (snc) (Entered: 04/23/1998) |
| 04/24/1998 | 652 | ORDER as to Douglas Gene Mayberry OVERRULING the dft's objections to the Magistrate's Recommendation, ADOPTING the Recommendation, and denying [631-1] motion to Vacate under 28 U.S.C. 2255, without prejudice to the defendant's right to file the motion after his appeal is concluded. ( Signed by Judge Truman M. Hobbs ) Copies mailed to: defendant, Copies furnished to: USA, USM, USPO, USPTSO (snc) (Entered: 04/24/1998) |
| 04/24/1998 | | **Terminated document(s) as to Douglas Gene Mayberry : terminating [636-1] motion to Dismiss Government's Untimely Habeas Response and Disregard Appellate Court's Order to deny Movant's "Motion to Stay. . ." as to Douglas Gene Mayberry (4) (snc) (Entered: 04/24/1998) |
| 04/30/1998 | 653 | PRO SE NOTICE OF APPEAL by Douglas Gene Mayberry (4) count(s) 1 to U.S. Circuit Court of Appeals, 11th Circuit, from the final order denying his habeas corpus relief entered 4/24/98. Copies mailed to: Defendant, USCA, 11th Cir., Copies furnished USA, USPO (dkt clerk) Modified on 05/01/1998 (Entered: 05/01/1998) |
| 04/30/1998 | 654 | MOTION by Douglas Gene Mayberry for review of Magistrate Judges [651-1] order denying motion for immediate release on bond [654-1] referred to Judge Truman M. Hobbs (dkt clerk) (Entered: 05/01/1998) |
| 05/01/1998 | | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Douglas Gene Mayberry sent to USCA (11th Circuit): [653-1] appeal (dkt clerk) (Entered: 05/01/1998) |
| 05/05/1998 | 655 | ORDER as to Douglas Gene Mayberry denying [654-1] motion for review of Magistrate Judges [651-1] order denying motion for immediate release on bond as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. |

| | | |
|---|---|---|
| | | Hobbs ) Copies mailed to: Counsel, defendant, USCA, Copies furnished to: USA, USPO (dkt clerk) (Entered: 05/05/1998) |
| 05/11/1998 | | USCA Case Number as to Douglas Gene Mayberry Re: [653-1] appeal USCA Number: 98-6329 (dkt clerk) (Entered: 05/13/1998) |
| 05/11/1998 | | Received copy of PER CURIAM OPINION entered 3/31/98 of the USCA, 11th Circuit. (dkt clerk) (Entered: 05/13/1998) |
| 05/29/1998 | 657 | MOTION by Douglas Gene Mayberry for issuance of a Certificate of Appealability [657-1] referred to Judge Truman M. Hobbs (dkt clerk) (Entered: 06/01/1998) |
| 06/12/1998 | 658 | ORDER as to Douglas Gene Mayberry denying [657-1] motion for issuance of a Certificate of Appealability as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO (dkt clerk) (Entered: 06/12/1998) |
| 06/18/1998 | | REQUEST for Original Papers/ Record on Appeal from USCA re: [653-1] appeal by Douglas Gene Mayberry [CV97-H-1677-N] (dkt clerk) Modified on 06/24/1998 (Entered: 06/24/1998) |
| 06/24/1998 | | Certified and transmitted Original Papers/ record on appeal to U.S. Court of Appeals (11th Circuit) as to Douglas Gene Mayberry : [653-1] appeal [CV97-H-1677-N] (dkt clerk) (Entered: 06/24/1998) |
| 08/06/1998 | | Received copy of PER CURIAM OPINION entered 7.1.98 of the USCA, 11th Circuit. (kcg) (Entered: 08/11/1998) |
| 08/19/1998 | 660 | ORDER as to Douglas Gene Mayberry (rendered 8/18/98, is issued in lieu of the mandate) of the U.S. Court of Appeals, Eleventh Circuit, Because appellant's direct appeal is pending before this Court, appellant's motion for a certificate of appealability is DENIED without prejudice to his right to seek relief under 28 U.S.C. section 2255 following completion of his appeal, terminating [653-1] appeal ( Signed by 11th Circuit Judge Gerald B. Tjoflat ) Copies mailed to: Defendant, Copies furnished to: USA (dkt clerk) (Entered: 08/25/1998) |
| 08/19/1998 | | Entire Court File as to Douglas Gene Mayberry ( 1 volume original papers) returned by USCA, 11th Cir. (dkt clerk) (Entered: 08/25/1998) |
| 09/14/1998 | 661 | MOTION by Douglas Gene Mayberry for New Trial [661-1] referred to Judge Truman M. Hobbs (snc) (Entered: 09/16/1998) |
| 09/17/1998 | 662 | ORDER as to Douglas Gene Mayberry denying [661-1] motion for New Trial as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 09/18/1998) |
| 09/23/1998 | 663 | MOTION by Douglas Gene Mayberry for Reconsideration of [662-1] order re Motion for New Trial [663-1] referred to Judge Truman M. Hobbs (snc) (Entered: 09/23/1998) |

| | | |
|---|---|---|
| 09/24/1998 | | STAMPED ORDER as to Douglas Gene Mayberry denying [663-1] motion for Reconsideration of [662-1] order re Motion for New Trial Entered by Judge Truman M. Hobbs ) Copies mailed to: defendant, Copies furnished to: USA, USM, USPO, USPTSO (snc) (Entered: 09/24/1998) |
| 09/29/1998 | 664 | Pro Se NOTICE OF APPEAL by Douglas Gene Mayberry (4) count(s) 1, 2 to U.S. Circuit Court of Appeals, 11th Circuit, from the order denying a the motion for new trial entered in this action on September 17, 1998 & motion for reconsideration of the motion for a new trial entered September 24, 1998. Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO (dkt clerk) (Entered: 09/30/1998) |
| 09/30/1998 | | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Douglas Gene Mayberry sent to USCA (11th Circuit): [664-1] appeal (dkt clerk) (Entered: 09/30/1998) |
| 10/06/1998 | | Received copy of PEITION FOR WRIT OF MANDAMUS filed with the U.S. Court of Appeals, Eleventh Circuit by Defendant Douglas Gene Mayberry. (dkt clerk) (Entered: 10/16/1998) |
| 10/07/1998 | | Received copy of Order as to Douglas Gene Mayberry that upon reconsideration of this Court's order dated August 18, 1998, appellant's motion for a certificate of appealability, or, in the alternative, an order directing that various issues be raised in his direct appeal, is DENIED because appellant has not made a substantial showing of the denial of a constitutional right. Before Anderson and Dubina, Circuit Judges. (kcg) (Entered: 10/16/1998) |
| 10/13/1998 | | USCA Case Number as to Douglas Gene Mayberry Re: [664-1] appeal USCA Number: 98-6753 (dkt clerk) (Entered: 10/19/1998) |
| 11/30/1998 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: [664-1] appeal by Douglas Gene Mayberry (kcg) (Entered: 11/30/1998) |
| 12/01/1998 | | **Address labels only (kcg) (Entered: 12/01/1998) |
| 12/18/1998 | | Received $25.00 toward assessment fee by Douglas Gene Mayberry. Receipt #74670. (nhr) (Entered: 12/18/1998) |
| 12/21/1998 | 669 | SATISFACTION OF JUDGMENT as to Monetary Imposition by USA as to Douglas Gene Mayberry (snc) (Entered: 12/22/1998) |
| 12/30/1998 | | Received copy of Order (rendered 12/22/98) of the U.S. Court of Appeals, Eleventh Circuit, GRANTING Appellants unopposed Joint Motion for Additional Time for Oral Argument. (Signed by Joel F. Dubina, Circuit Judge) (dkt clerk) (Entered: 01/04/1999) |
| 01/06/1999 | 672 | ORDER (rendered 1/4/99) as to Douglas Gene Mayberry from U.S. Court of Appeals, Eleventh Circuit, DENYING the motion to file a petition for writ of mandamus in forma pauperis because the petition is frivolous. |

| | | |
|---|---|---|
| | | (Singed by R. Lanier Anderson, United States Circuit Judge) Copies mailed to: , Copies furnished to: (dkt clerk) (Entered: 01/08/1999) |
| 02/24/1999 | 678 | Received entry of Dismissal pursuant to the United States Court of Appeals, Eleventh Circuit as to Douglas Gene Mayberry that this petition is hereby dismissed for want of prosecution because petitioner has failed to file a motion for reconsideration within 35 days of entry of the order finding this petition frivolous, effective this 22nd day of February 1999. For The Court - By Direction. (kcg) (Entered: 02/24/1999) |
| 06/28/1999 | | Received copied tape from Michael Newman with the U.S. 6th Circuit Court of Appeals that was previosly copied for them and is now being returned. (kcg) (Entered: 06/28/1999) |
| 08/02/1999 | | Received copy of order from USCA, Eleventh Circuit that the Appellant's "motion to dismiss for lack of jurisdiction", construed as a motion for summary reveral, is DENIED. Appellant's motion for release is DENIED. Appellant's motion for remand is DENIED. Before Tjoflat and Dubina, Circuit Judges. (kcg) (Entered: 08/03/1999) |
| 10/12/1999 | | Received copy of PER CURIAM OPINION entered 5/10/99 of the USCA, 11th Circuit , as to Tony Laverne Pruitt, Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jamellah Mustafa, Douglas Gene Mayberry and Marlan Everette Engle. [97-6217] (dkt clerk) (Entered: 10/13/1999) |
| 10/12/1999 | 702 | JUDGMENT OF USCA issued as MANDATE on 10/8/99 (certified copy) as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, [585-1] appeal, [581-1] appeal, [558-1] appeal, [554-1] appeal, [552-1] appeal, [535-1] appeal affirming in part judgment/order Oscar Hernan Pena (1) count(s) 1, 2, Miguel A. Garrido (2) count(s) 1, 2, Daaiyah Jameelah Mustafa (3) count(s) 1, 2, Douglas Gene Mayberry (4) count(s) 1, 2, Marlan Everett Engle (5) count(s) 3 , and reversing in part and remanding to the District Court Oscar Hernan Pena (1) count(s) 1, 2, Miguel A. Garrido (2) count(s) 1, 2 ; that the judgments of convictions and sentences imposed as to remaining defendants are hereby AFFIRMED in accordance with the opinion of this Court. Copies mailed to: Counsel, Defendants, Copies furnished to: USA, USPO, Judge Hobbs (Before: DUBINA and BARKETT, Circuit Judges, and JONES*, Senior Circuit Judge.) [97-6217] (dkt clerk) (Entered: 10/13/1999) |
| 10/12/1999 | | Record on Appeal as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, returned from U.S. Court of Appeals: [653-1] appeal, [601-1] appeal, [586-1] appeal, [585-1] appeal, [581-1] appeal, [558-1] appeal, [554-1] appeal, [552-1] appeal SEALED PSI REPORTS RETURNED TO VAULT [97-6217] (dkt clerk) (Entered: 10/13/1999) |
| 10/12/1999 | | **Remove appeal flag - no further appeals pending (dkt clerk) (Entered: 06/01/2000) |

| 10/13/1999 | | File w/copy of USCA JUDGMENT as to Oscar Hernan Pena, Miguel A. Garrido, Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle, Tony Laverne Pruitt referred to Judge Hobbs. (dkt clerk) (Entered: 10/13/1999) |
|---|---|---|
| 10/25/1999 | 705 | MOTION by Douglas Gene Mayberry to Alter Judgment , and to Amend [542-1] judgment order [705-1] referred to Judge Truman M. Hobbs (APPENDIX A-C ATTACHED) (dmk) (Entered: 10/26/1999) |
| 10/29/1999 | 706 | ADDENDUM MOTION by Douglas Gene Mayberry to Alter Judgment , and to Amend judgment [706-1] motion by Douglas Gene Mayberry, [706-2] motion by Douglas Gene Mayberry [705-1] referred to Judge Truman M. Hobbs, [705-2] (w/attachments); referred to Judge Truman M. Hobbs (dmk) (Entered: 10/29/1999) |
| 11/05/1999 | 710 | ORDER as to Douglas Gene Mayberry, Government's Response to Motion set for 11/19/99 for Douglas Gene Mayberry for [706-1] motion to Alter Judgment, set for 11/19/99 for Douglas Gene Mayberry for [706-2] motion to Amend judgment [706-1] motion by Douglas Gene Mayberry, [706-2] motion by Douglas Gene Mayberry, set for 11/19/99 for Douglas Gene Mayberry for [705-1] motion to Alter Judgment, set for 11/19/99 for Douglas Gene Mayberry for [705-2] motion to Amend [542-1] judgment order ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA, USM, USPO, USPTS (dmk) (Entered: 11/05/1999) |
| 11/10/1999 | | U. S. Marshals Notice of Arrival of Oscar Pena into this District (dmk) (Entered: 11/15/1999) |
| 11/19/1999 | 712 | MOTION by USA as to Douglas Gene Mayberry to Extend Time To File Response to Motion to Alter, Amend Judgment ; [712-1] referred to Judge Truman M. Hobbs (dmk) (Entered: 11/19/1999) |
| 11/23/1999 | 715 | RESPONSE by USA as to Douglas Gene Mayberry re [705-1] motion to Alter Judgment, [705-2] motion to Amend [542-1] judgment order (w/attachment) referred to Mag. Judge John L. Carroll (dmk) (Entered: 11/24/1999) |
| 11/23/1999 | 716 | RESPONSE by USA as to Douglas Gene Mayberry re [706-1] addendum motion to Alter Judgment, [706-2] addendum motion to Amend judgment [706-1] addendum motion by Douglas Gene Mayberry, [706-2] addendum motion by Douglas Gene Mayberry referred to Mag. Judge John L. Carroll (dmk) (Entered: 11/24/1999) |
| 11/29/1999 | | STAMPED ORDER as to Douglas Gene Mayberry granting [712-1] motion to Extend Time To File Response to Motion to Alter, Amend Judgment as to Douglas Gene Mayberry (4) ( Entered by Mag. Judge John L. Carroll ) Copies mailed to: defendant, Copies furnished to: USA, USM, USPO, USPTS (dmk) (Entered: 11/30/1999) |

| 11/30/1999 | 718 | TRAVERSE1 by Douglas Gene Mayberry to Government's response to [706-1] motion to Alter Judgment, [706-2] motion to Amend judgment [706-1] motion by Douglas Gene Mayberry, [706-2] motion by Douglas Gene Mayberry, [705-1] motion to Alter Judgment, [705-2] motion to Amend [542-1] judgment order ; referred to Mag. Judge Carroll (dmk) (Entered: 11/30/1999) |
|---|---|---|
| 12/20/1999 | 732 | MOTION by Douglas Gene Mayberry for New Trial [732-1] referred to Judge Truman M. Hobbs (dmk) (Entered: 01/13/2000) |
| 01/03/2000 | | Received Writ of Certiorari from The Supreme Court of the United States denying the petitioners writ of certiorari. (kcg) (Entered: 01/03/2000) |
| 06/01/2000 | | Entire Court File placed in 2255 section. (dkt clerk) (Entered: 06/01/2000) |
| 06/19/2000 | 737 | Supplemental MOTION by Douglas Gene Mayberry to Alter Judgment , and to Amend [542-1] judgment order [737-1] referred to Judge Hobbs, [737-2] referred to Judge Hobbs referring to: [705-1] motion to Alter Judgment, [705-2] motion to Amend [542-1] judgment order (Appendix A attached)(dmk) Modified on 06/27/2000 (Entered: 06/27/2000) |
| 07/18/2000 | 739 | ORDER as to Douglas Gene Mayberry that the original Warranty Deed and certified copy of deed posted as an appearance bond be returned by the Clerk of the Court to the owner B. D. Mayberry by certified mail, return receipt ( Signed by Judge Truman M. Hobbs ) Copies mailed to: counsel, Copies furnished to: USA, USM, USPO, NL (dmk) (Entered: 07/18/2000) |
| 07/25/2000 | 742 | ADDENDUM TO MOTION by Douglas Gene Mayberry for New Trial [732-1] referred to Judge Truman M. Hobbs referring to: [732-1] motion for New Trial (dmk) (Entered: 07/26/2000) |
| 07/25/2000 | | Receipt of return by cmrrr of original warranty deed to B. D. Mayberry as to Douglas Gene Mayberry (dmk) (Entered: 08/01/2000) |
| 07/28/2000 | 745 | MOTION by Douglas Gene Mayberry to Supplement [705-1] motion to Alter Judgment by Douglas Gene Mayberry [745-1] (Appendix A attached); referred to Judge Truman M. Hobbs (dmk) (Entered: 07/28/2000) |
| 08/04/2000 | 748 | MOTION by Douglas Gene Mayberry to Vacate under 28 U.S.C. 2255 [748-1] referred to Mag Judge Vanzetta P. McPherson (dmk) Modified on 08/04/2000 Modified on 8/18/2004 to reference civil case number 3:00-cv-01043-TMH-VPM (yg, ). (Entered: 08/04/2000) |
| 08/04/2000 | 749 | MEMORANDUM by Douglas Gene Mayberry in support of [748-1] motion to Vacate under 28 U.S.C. 2255 (w/attachments) referred to Mag. Judge McPherson (dmk) (Entered: 08/04/2000) |
| 08/04/2000 | 750 | MOTION by Douglas Gene Mayberry for Leave to Conduct Discovery , and for Production of Documents [750-1] referred to Mag Judge Vanzetta P. McPherson, [750-2] referred to Mag Judge Vanzetta P. McPherson |

| | | (dmk) (Entered: 08/04/2000) |
|---|---|---|
| 08/04/2000 | 751 | MOTION by Douglas Gene Mayberry for Downward Departure for Post-Conviction Rehabilitation (w/attachments) [751-1] ; referred to Mag Judge Vanzetta P. McPherson (dmk) (Entered: 08/04/2000) |
| 09/11/2000 | | STAMPED ORDER as to Douglas Gene Mayberry denying [751-1] motion for Downward Departure for Post-Conviction Rehabilitation as to Douglas Gene Mayberry (4) ( Entered by Judge Truman M. Hobbs ) Copies mailed to: Deft., Copies furnished to: USA, USM, USPO (dmk) (Entered: 09/11/2000) |
| 09/29/2000 | 759 | ORDER as to Douglas Gene Mayberry granting [745-1] motion to Supplement [705-1] motion to Alter Judgment by Douglas Gene Mayberry as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 09/29/2000) |
| 09/29/2000 | 760 | ORDER as to Douglas Gene Mayberry, Response to Motion reset for 10/18/00 for Douglas Gene Mayberry for [748-1] motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 09/29/2000) |
| 10/03/2000 | 761 | SECOND AFFIDAVIT by Christine Freeman Re: 28 USC 2255 motion to vacate. (sql) (Entered: 10/03/2000) |
| 10/19/2000 | 763 | MOTION by USA as to Douglas Gene Mayberry to Extend Time to file response [763-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 10/19/2000) |
| 11/03/2000 | 769 | ORDER as to Douglas Gene Mayberry granting [763-1] motion to Extend Time to file response as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 11/03/2000) |
| 11/16/2000 | 772 | MOTION by USA as to Douglas Gene Mayberry to Extend Time to file response [772-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 11/17/2000) |
| 11/21/2000 | 773 | ORDER as to Douglas Gene Mayberry granting [772-1] motion to Extend Time until 12/15/00 to file response as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies to: deft, Copies furnished to: usa (sql) (Entered: 11/21/2000) |
| 12/14/2000 | 784 | RESPONSE by USA as to Douglas Gene Mayberry re [748-1] motion to Vacate under 28 U.S.C. 2255 (Exhibits 1-4 attached); referred to Mag Judge Vanzetta P. McPherson (dmk) (Entered: 12/14/2000) |
| 12/19/2000 | 785 | MOTION by Douglas Gene Mayberry to Extend Time , to Compel [785-1][785-2] referred to Mag Judge Vanzetta P. McPherson. (sql) (Entered: 12/20/2000) |

| 01/12/2001 | 787 | MOTION by Douglas Gene Mayberry to notify court of pending supreme court ruling to decide whether apprendi is retroactively applicable to 2255 motion. [787-1] referred to Mag Judge Vanzetta P. McPherson/Anderson. (sql) (Entered: 01/12/2001) |
|---|---|---|
| 01/12/2001 | 788 | Traverse to government's response to 2255 motion to vacate, etc. by Douglas Gene Mayberry. Referred to Mag. Judge McPherson/Anderson. (sql) (Entered: 01/12/2001) |
| 01/12/2001 | 789 | Supplemental traverse to government's response to defendant's apprendi claim only by Douglas Gene Mayberry. Referred to Mag. Judge McPherson/Anderson. (sql) (Entered: 01/12/2001) |
| 01/18/2001 | 790 | ORDER as to Douglas Gene Mayberry granting [785-1] motion to Extend Time as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 01/18/2001) |
| 01/18/2001 | 791 | ORDER as to Douglas Gene Mayberry directing the government to provide defendant with a copy of page 4 of counsel's affidavit on or before 1/22/01. (Signed by Mag Judge Vanzetta P. McPherson) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 01/18/2001) |
| 01/31/2001 | 792 | SECOND MOTION by Douglas Gene Mayberry to Extend Time and to compel specific performance [792-1] referred to Mag Judge Vanzetta P. McPherson/Anderson. (sql) (Entered: 01/31/2001) |
| 02/01/2001 | 793 | ORDER as to Douglas Gene Mayberry granting [792-1] motion to Extend Time to and including 2-28-01 as to Douglas Gene Mayberry (4) ( Signed by Mag. Judge John L. Carroll ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 02/01/2001) |
| 02/01/2001 | 794 | ORDER as to Douglas Gene Mayberry granting in part and denying in part motion to compel; granted that defendant seeks a copy of page 4 of counsel's affidavit; denying motion in all other respects; directing government to show cause why it failed to produce page 4 to deft on or before 2/8/01. (Signed by Mag. Judge John L. Carroll) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 02/01/2001) |
| 02/05/2001 | 798 | RESPONSE by USA as to Douglas Gene Mayberry re: to show cause referred to Mag. Judge John L. Carroll (sql) (Entered: 02/07/2001) |
| 02/26/2001 | 799 | SECOND SUPPLEMENTALTRAVERSE by Douglas Gene Mayberry to [748-1] motion to Vacate under 28 U.S.C. 2255. Referred to Mag. Judge McPherson/Anderson. (sql) (Entered: 02/26/2001) |
| 11/29/2001 | 806 | MOTION by Douglas Gene Mayberry supplement to motion for new trial [806-1] referred to Judge Truman M. Hobbs (sql) (Entered: 11/29/2001) |
| 12/03/2001 | 807 | MOTION by Douglas Gene Mayberry to Amend 28 USC 2255 motion [807-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 12/03/2001) |

| | | |
|---|---|---|
| 12/06/2001 | 808 | ORDER as to Douglas Gene Mayberry granting [807-1] motion to Amend 28 USC 2255 motion; directing govt to file a supplemental answer within 20 days of service of this order. (Signed by Mag Judge Vanzetta P. McPherson) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 12/07/2001) |
| 12/12/2001 | 810 | ORDER as to Douglas Gene Mayberry granting [806-1] motion supplement to motion for new trial; directing government to file a supplemental response on or before 12-28-01 as further set out. (Signed by Mag Judge Vanzetta P. McPherson) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 12/13/2001) |
| 12/21/2001 | 813 | RESPONSE by USA as to Douglas Gene Mayberry re court orders issued 12-6-01 and 12-12-01. referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 12/21/2001) |
| 01/07/2002 | 816 | ORDER as to Douglas Gene Mayberry granting [813-1] motion response as to Douglas Gene Mayberry (4) granting an extension of time to and including 1/16/02 as further set out. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 01/08/2002) |
| 01/16/2002 | 818 | MOTION by USA as to Douglas Gene Mayberry to Extend Time to file its response [818-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 01/16/2002) |
| 01/16/2002 | 819 | MOTION by USA as to Douglas Gene Mayberry to allow examination of jury records [819-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 01/16/2002) |
| 02/08/2002 | 821 | ORDER as to Douglas Gene Mayberry granting [818-1] motion to Extend Time to file its response to and including 3-15-02. (Signed by Mag Judge Vanzetta P. McPherson) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 02/08/2002) |
| 02/08/2002 | 822 | ORDER as to Douglas Gene Mayberry granting [819-1] motion to allow examination of jury records as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 02/08/2002) |
| 03/15/2002 | 824 | MOTION by USA as to Douglas Gene Mayberry to Extend Time to file its responses. [824-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 03/15/2002) |
| 03/19/2002 | 826 | STAMPED ORDER as to Douglas Gene Mayberry granting [824-1] motion to Extend Time to file its responses. as to Douglas Gene Mayberry (4) ( Entered by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 03/19/2002) |
| 03/28/2002 | 828 | MOTION by Douglas Gene Mayberry for government to supplement response to defendant's motion to amend [828-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 03/29/2002) |

| 04/05/2002 | 829 | RESPONSE by USA as to Douglas Gene Mayberry re [806-1] motion supplement to motion for new trial referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 04/08/2002) |
|---|---|---|
| 04/05/2002 | | REQUEST for Record on Appeal from USCA re: [664-1] appeal by Douglas Gene Mayberry (kcg) (Entered: 04/15/2002) |
| 04/08/2002 | 830 | ORDER as to Douglas Gene Mayberry granting [828-1] motion for government to supplement response to defendant's motion to amend as to Douglas Gene Mayberry (4)in which the court construes as a motion for production of the jury venire list; that in filing its answer the United States shall attach a copy of the jury venire list as an exhibit to their answer. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA (ws) (Entered: 04/08/2002) |
| 04/10/2002 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: [664-1] appeal by Douglas Gene Mayberry (kcg) (Entered: 04/10/2002) |
| 04/10/2002 | 832 | ORDER as to Douglas Gene Mayberry that the pleading filed by defendant on 3-28-02 [doc. #828] is hereby construed as a motion for production of the jury venire list. (Signed by Mag Judge Vanzetta P. McPherson) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 04/10/2002) |
| 04/10/2002 | 833 | ORDER as to Douglas Gene Mayberry vacating this court's order of 4-8-02 [doc. #830]; denying deft's motion for production of jury venire list. (Signed by Mag Judge Vanzetta P. McPherson) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 04/10/2002) |
| 04/10/2002 | 834 | ORDER as to Douglas Gene Mayberry that defendant may file a response to the supplemental response filed by the USA on 4-5-02 on or before 4-29-02 as further set out. (Signed by Mag Judge Vanzetta P. McPherson) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 04/10/2002) |
| 04/15/2002 | | Certified and transmitted record on appeal to U.S. Court of Appeals (11th Circuit) as to Douglas Gene Mayberry : [664-1] appeal (kcg) (Entered: 04/15/2002) |
| 04/17/2002 | | **Set appeal flag. (kcg) (Entered: 04/17/2002) |
| 04/22/2002 | 837 | Partial traverse to government's response to defendant's supplement to motion for new trial by Douglas Gene Mayberry. Referred to Mag. Judge McPherson/Anderson. (sql) (Entered: 04/24/2002) |
| 04/22/2002 | 838 | MOTION by Douglas Gene Mayberry to allow examination of jury records and for extension of time to finalize traverse to government's response. [838-1] referred to Mag Judge Vanzetta P. McPherson/Anderson. (sql) (Entered: 04/24/2002) |

| 04/25/2002 | 839 | ORDER as to Douglas Gene Mayberry Supplemental Response by the United States to Motion set for 5/9/02 for Douglas Gene Mayberry re: [838-1] motion to allow examination of jury records and for extension of time to finalize traverse to government's response which 1. Addresses the defendant's claim that counsel was ineffective in failing to challenge the selection of the jury venire and his failure provides cause for his noncompliance with the requirments of the Jury Selection Act; 2. Submits facts and all relevant documents to support its argument that "the jury plan that was in effect at the time of the petitioner's trial was not the plan identified in Clay." ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, SL, DK (ws) (Entered: 04/25/2002) |
| 04/25/2002 | 840 | ORDER as to Douglas Gene Mayberry Response to show cause order by the United States to Motion set for 5/9/02 for Douglas Gene Mayberry re: [838-1] motion to allow examination of jury records and for extension of time to finalize traverse to government's response. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, SL, DK (ws) (Entered: 04/25/2002) |
| 04/25/2002 | 841 | ORDER as to Douglas Gene Mayberry granting defendant's motion for extension of time to and including 5/29/02 to file a supplemental response to the arguments of the United States ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, SL, DK (ws) (Entered: 04/25/2002) |
| 05/02/2002 |  | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [664-1] appeal by Douglas Gene Mayberry USCA Number: 98-6753-GG (kcg) (Entered: 05/06/2002) |
| 05/07/2002 | 846 | RESPONSE by USA as to Douglas Gene Mayberry re [742-1] supplemental amended motion for New Trial referred to Judge Truman M. Hobbs (ws) (Entered: 05/08/2002) |
| 05/14/2002 | 847 | ORDER as to Douglas Gene Mayberry denying [838-1] motion to allow examination of jury records and for extension of time to finalize traverse to government's response. as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA (ws) (Entered: 05/14/2002) |
| 05/17/2002 | 850 | Traverse by Douglas Gene Mayberry to government's response to court order of 4-25-02 and motion for partial summary judgment. Referred to Mag. Judge McPherson/Anderson. (sql) (Entered: 05/17/2002) |
| 05/24/2002 |  | **Added Government Attorney Terry F. Moorer as to Douglas Gene Mayberry, Marlan Everett Engle (ws) (Entered: 05/24/2002) |
| 05/24/2002 | 854 | ORDER as to Douglas Gene Mayberry that on or before 5/31/02 the United states shall file a response which addresses defendant's claim that counsel was ineffective in failing to challenge the constitutionality of the selection of the jury venire for his case and this failure provides cause for |

| | | |
|---|---|---|
| | | any non-compliance with the requirements of the Jury Selection and Service Act( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, SL, DK (ws) (Entered: 05/24/2002) |
| 05/31/2002 | 857 | Response by USA as to Douglas Gene Mayberry to court order of 5/24/02. Referred to Mag. Judge McPherson. (sql) (Entered: 06/03/2002) |
| 06/07/2002 | 860 | Traverse by Douglas Gene Mayberry to government's response to court order of 5/24/02. Referred to Mag. Judge McPherson/Anderson. (sql) (Entered: 06/14/2002) |
| 06/18/2002 | 861 | ORDER as to Douglas Gene Mayberry Reply by the defendant to Government Response to Motion set for 7/8/02 for Douglas Gene Mayberry re: [766-1] motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA (ws) (Entered: 06/18/2002) |
| 09/03/2002 | 869 | MOTION by Douglas Gene Mayberry for bail based on an exceptional circumstance [869-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 09/04/2002) |
| 09/05/2002 | 870 | ORDER as to Douglas Gene Mayberry denying [869-1] motion for bail based on an exceptional circumstance as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, SL, DK (ws) (Entered: 09/05/2002) |
| 09/16/2002 | 871 | MOTION by Douglas Gene Mayberry for Joinder [871-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 09/18/2002) |
| 09/16/2002 | 872 | MOTION by Douglas Gene Mayberry to adopt previous pleadings [872-1] referred to Mag Judge Vanzetta P. McPherson (sql) (Entered: 09/18/2002) |
| 09/23/2002 | 873 | ORDER as to Douglas Gene Mayberry granting [872-1] motion to adopt previous pleadings as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, DK, SL (ws) (Entered: 09/23/2002) |
| 09/23/2002 | 874 | ORDER as to Douglas Gene Mayberry Response to Motion by the government to show cause why motion should not be granted set for 10/4/02 for Douglas Gene Mayberry re: [871-1] motion Joinder ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, DK, SL (ws) (Entered: 09/23/2002) |
| 10/03/2002 | 875 | RESPONSE by USA as to Douglas Gene Mayberry re [871-1] motion for Joinder referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 10/03/2002) |
| 10/08/2002 | 876 | ORDER as to Douglas Gene Mayberry denying [871-1] motion for Joinder as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, SL, DK (ws) (Entered: 10/08/2002) |

| 10/15/2002 | 877 | Traverse by Douglas Gene Mayberry to govt's response to show cause order of 9/23/02. Referred to Mag. Judge McPherson/Anderson. (sql) (Entered: 10/15/2002) |
| 11/18/2002 | | Received copy of PER CURIAM OPINION entered 9/5/02 of the USCA, 11th Circuit, VACATING and REMANDING. (kcg) (Entered: 11/19/2002) |
| 11/18/2002 | 878 | JUDGMENT OF USCA issued as MANDATE on 11/15/02 (certified copy) as to Douglas Gene Mayberry Re: [664-1] appeal VACATING and REMANDING . Before: ANDERSON, DUBINA, and BLACK, Circuit Judges (kcg) (Entered: 11/19/2002) |
| 11/18/2002 | | Record on Appeal returned from U.S. Court of Appeals: [664-1] appeal (kcg) (Entered: 11/19/2002) |
| 11/19/2002 | | ** Renoticed document [878-1] judgment appeal VACATING and REMANDING (kcg) (Entered: 11/19/2002) |
| 11/19/2002 | | **Remove appeal flag - no further appeals pending (kcg) (Entered: 11/19/2002) |
| 01/30/2003 | 879 | MEMORANDUM OPINION as to Douglas Gene Mayberry that defendant's motion for a new trial [Doc. #661] is due to be and hereby is ORDERED DENIED. (Signed by Judge Truman M. Hobbs) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 01/30/2003) |
| 02/10/2003 | 880 | MOTION by Douglas Gene Mayberry for Reconsideration of [879-1] order [880-1] referred to Judge Truman M. Hobbs (sql) (Entered: 02/10/2003) |
| 03/31/2003 | 881 | ORDER as to Douglas Gene Mayberry directing the United States file a response to deft's motion for reconsideration (Doc. #880) filed on 2/10/03 on or before 5:00 p.m. 4/7/03. (Signed by Judge Truman M. Hobbs) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 03/31/2003) |
| 04/07/2003 | 882 | MOTION by USA as to Douglas Gene Mayberry to Extend Time by 2 days to file its response to 3/31/03 order. [882-1] referred to Judge Truman M. Hobbs (dkt clerk) (Entered: 04/08/2003) |
| 04/09/2003 | 883 | RESPONSE to Show Cause Order issued 3/31/03 by USA as to Douglas Gene Mayberry re [880-1] motion for Reconsideration of [879-1] order referred to Judge Truman M. Hobbs (ws) Modified on 04/10/2003 (Entered: 04/09/2003) |
| 04/10/2003 | 884 | STAMPED ORDER as to Douglas Gene Mayberry granting [882-1] motion to Extend Time by 2 days to file its response to 3/31/03 order. as to Douglas Gene Mayberry (4) until 4/9/03 ( Entered by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Deft, Copies furnished to: USA, SL (ws) (Entered: 04/10/2003) |

| | | |
|---|---|---|
| 04/16/2003 | 885 | REPLY by Douglas Gene Mayberry to response to Show Cause Order Issued 3/31/03 re: [880-1] motion for Reconsideration of [879-1] order. Referred to Judge Hobbs. (ws) (Entered: 04/16/2003) |
| 05/14/2003 | 886 | MOTION by Douglas Gene Mayberry for Release Pending Final Disposition of Habeas Corpus [886-1] referred to Judge Truman M. Hobbs (ws) (Entered: 05/14/2003) |
| 05/28/2003 | 887 | ORDER as to Douglas Gene Mayberry denying [886-1] motion for Release Pending Final Disposition of Habeas Corpus as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 05/28/2003) |
| 05/28/2003 | 888 | MEMORANDUM OPINION and ORDER as to Douglas Gene Mayberry denying [880-1] motion for Reconsideration of [879-1] order as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 05/28/2003) |
| 06/02/2003 | 889 | MEMORANDUM by Douglas Gene Mayberry in support of [886-1] motion for Release Pending Final Disposition of Habeas Corpus. Referred to Mag. Judge McPherson/Allen. (sql) (Entered: 06/02/2003) |
| 06/02/2003 | 890 | Correction to memorandum in support of motion for release from custody pending final disposition of habeas corpus petition by Douglas Gene Mayberry. Referred to Mag. Judge McPherson/Allen. (sql) (Entered: 06/02/2003) |
| 06/04/2003 | 891 | PRO SE NOTICE OF INTERLOCUTORY APPEAL to the United States Court of Appeals, Eleventh Circuit by Douglas Gene Mayberry re [887-1] order denying his motion for release pending final disposition of his habeas corpus petition entered in this action on May 28, 2003. [INTERLOCUTORY APPEAL DOCKET IN CA 00-H-1043-E, PER CONVERSATION GLORIA POWELL WITH ELEVENTH CIRCUIT] (ydw) Modified on 06/25/2003 (Entered: 06/05/2003) |
| 06/04/2003 | 892 | MOTION by Douglas Gene Mayberry leave to Proceed on appealin Forma Pauperis [892-1] referred to Judge Truman M. Hobbs [DOCKET IN CA 00-H-1043-E PER CONVERSATION WITH GLORIA POWELL @ USCA] (ydw) Modified on 06/25/2003 (Entered: 06/05/2003) |
| 06/04/2003 | 893 | PRO SE NOTICE OF APPEAL by Douglas G. Mayberry to U.S. Circuit Court of Appeals, 11th Circuit, this Court's May 2003 Order denying his motion for reconsideration of his motion for new trial. Copies mailed to: Douglas G. USCA, Copies furnished to: USA (ydw) Modified on 06/05/2003 (Entered: 06/05/2003) |
| 06/04/2003 | 894 | MOTION by Douglas Gene Mayberry for leave to Proceed on Appeal in Forma Pauperis [894-1] referred to Judge Truman M. Hobbs (ydw) (Entered: 06/05/2003) |

Case 3:06-cv-00841-TMH-VPM          Document 2-6          Filed 09/20/2006          Page 36 of 42

| 06/04/2003 | 893 | MOTION by Douglas Gene Mayberry for certificate of appealability [893-1] referred to Judge Truman M. Hobbs (ydw) (Entered: 04/02/2004) |
|---|---|---|
| 06/05/2003 | | Notice of Interlocutory appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as Douglas Gene Mayberry sent to USCA (11th Circuit): [891-1] appeal (ydw) (Entered: 06/05/2003) |
| 06/05/2003 | | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Douglas Gene Mayberry sent to USCA (11th Circuit): [893-1] appeal (ydw) (Entered: 06/05/2003) |
| 06/12/2003 | | Received Transcript Order Information (New Trial) from Douglas Gene Mayberry pro se dft. with following notation: "No hearing, Sentence 3/5-6/97 Mayberry; 3/28/97 Mustafe before Judge Hobbs, James Dickens C/R. Other Dkt. #'s 1, 788 (ydw) (Entered: 06/13/2003) |
| 06/12/2003 | | Received Transcript Order Information (Bail) from Douglas Gene Mayberry pro se with following notation: "No hearing, 3/5-6/97 Mayberry; 3/28/97 Mustafa before Judge Hobbs, James Dickens C/R, Other Dkt. #'s 1, 749, 788. (ydw) (Entered: 06/13/2003) |
| 06/13/2003 | | USCA Case Number as to Douglas Gene Mayberry Re: [893-1] appeal USCA Number: 03-12979-E (ydw) (Entered: 06/16/2003) |
| 06/19/2003 | | **Terminated pending appeal as to Douglas Gene Mayberry [891-1] appeal [ INTERLOCUTORY APPEAL DOCKET IN CA 00-H-1043-E, PER CONVERSATION WITH ELEVENTH CIRCUIT] (ydw) (Entered: 06/25/2003) |
| 06/25/2003 | 895 | ORDER as to Douglas Gene Mayberry granting [892-1] motion leave to Proceed on appealin Forma Pauperis as to Douglas Gene Mayberry (4), granting [894-1] motion for leave to Proceed on Appeal in Forma Pauperis as to Douglas Gene Mayberry (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: Douglas G. Mayberry, USCA, Copies furnished to: USA (ydw) (Entered: 06/25/2003) |
| 08/20/2003 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: [893-1] appeal by Douglas Gene Mayberry (kcg) (Entered: 08/20/2003) |
| 08/21/2003 | | Received copy of order from USCA as to Douglas Gene Mayberry that Mayberry seeks a writ of mandamus directing the district court to rule on his pending amended motion to vacate, set aside, or correct sentence, 28 U.S.C. 2255, which was filed on December 3, 2001. The Clerk is DIRECTED to request an informal response to the mandamus petition from or on behalf of the district judge. (kcg) (Entered: 08/21/2003) |
| 08/26/2003 | | REQUEST for Record on Appeal from USCA re: [893-1] appeal by Douglas Gene Mayberry (kcg) (Entered: 08/27/2003) |

| 08/27/2003 | | Certified and transmitted record on appeal to U.S. Court of Appeals (11th Circuit) as to Douglas Gene Mayberry : [893-1] appeal (kcg) (Entered: 08/27/2003) |
|---|---|---|
| 09/11/2003 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [893-1] appeal by Douglas Gene Mayberry USCA Number: 03-12979-EE (kcg) (Entered: 09/15/2003) |
| 03/08/2004 | 899 | ORDER as to Douglas Gene Mayberry denying [750-1] motion for Leave to Conduct Discovery as to Douglas Gene Mayberry (4), denying [750-2] motion for Production of Documents as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 03/09/2004) |
| 03/08/2004 | 900 | ORDER as to Douglas Gene Mayberry, denying [785-2] motion to Compel as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 03/09/2004) |
| 03/08/2004 | 901 | ORDER as to Douglas Gene Mayberry denying [787-1] motion to notify court of pending supreme court ruling to decide whether apprendi is retroactively applicable to 2255 motion. as to Douglas Gene Mayberry (4) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 03/09/2004) |
| 03/08/2004 | 902 | ORDER as to Douglas Gene Mayberry denying as moot ( tion for extension of time to finalize traverse to government's response. Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa (sql) (Entered: 03/09/2004) |
| 03/22/2004 | 903 | USCA LIMITED REMAND ORDER as to Douglas Gene Mayberry that Appellee's motion to dismiss for lack of jurisdiction is DENIED. Appellee correctly notes that a certificate of appealability (COA) is required to proceed with an appeal of the denial of a motion for release on bail pending the resolution of a 28 U.S.C. 2255 motion. However, the procedure for obtaining a COA begins in the district court, which must treat a notice of appeal from such a denial as an application for COA, and must consider and rule on the propriety of issuing a COA before such a request will be received or acted on by this Court. Edwards v. United States, 114F.3d 1083, 1084-85 (11th Cir. 1997). Federal Rule 22(b) provides that if an appeal is taken by a federal habeas petitioner, "the district judge who rendered the judgment must either issue a xertificate of appealability or state why a certificate should not issue." Fed.R.App.P.22(b). Because the district court may construe appellant's notice of appeal as an application for COA and consider whether COA is appropriate for any of the issues appellant seeks to raise on appeal. Should the court determine that the certificate should issue, it should so rule, setting forth the issues certified for appeal, per 28 U.S.C. 2253. Should the court determine that the certificate should not issue, it is directed to "state the reasons" therefor, pursuant to Fed.R.App.P 22(b). Upon making its |

|  |  | determinaation, the cfourt shall return the record, as supplemented, to this Court For further Proceedings. (ydw) (Entered: 03/23/2004) |
|------------|-----|---|
| 03/22/2004 |  | Record on Appeal returned from U.S. Court of Appeals: [893-1] appeal (ydw) (Entered: 03/23/2004) |
| 03/25/2004 | 904 | MOTION by Douglas Gene Mayberry for a Certificate of Appealability [904-1] referred to Judge Truman M. Hobbs (ydw) (Entered: 03/31/2004) |
| 03/26/2004 | 906 | MOTION by Douglas Gene Mayberry for Certificate of Appealability (w/Attachments) [906-1] referred to Judge Truman M. Hobbs (ydw) Modified on 04/02/2004 (Entered: 04/02/2004) |
| 04/02/2004 | 905 | ORDER as to Douglas Gene Mayberry that on June 4, 2003, Mayberry filed a Notice of Appeal challenging the order denying his motion for release on bail pending resolution of his 28 U.S.C. 2255 Motion; The Court construes this notice to contain an application for a certificaate of appealability; denying [893-1] motion for certificate of appealability as to Douglas Gene (4) ( Signed by Judge Truman M. Hobbs ) Copies mailed to: dft, USCA, Copies furnished to: USA (ydw) Modified on 04/02/2004 (Entered: 04/02/2004) |
| 04/09/2004 | ❶907 | MOTION to Alter Judgment by Douglas Gene Mayberry. (sql, ) (Entered: 04/22/2004) |
| 04/21/2004 | ❶908 | Received copy of Per Curiam Opinion entered 1/27/04 of the USCA Eleventh Circuit [AFFIRMED] (ydw, ) (Entered: 04/22/2004) |
| 04/21/2004 | ❶909 | JUDGMENT of USCA issued as MANDATE on 4/19/04 (certified copy) as to Douglas Gene Mayberry re 893 Notice of Appeal, [AFFIRMED] (ydw, ) (Entered: 04/22/2004) |
| 04/29/2004 | ❶910 | ORDER denying 907 Motion to Alter Judgment as to Douglas Gene Mayberry (4). Signed by Judge Truman M. Hobbs on 4/29/2004. (sql, ) (Entered: 04/29/2004) |
| 05/04/2004 | ❶911 | CORRECTED ORDER as to Douglas Gene Mayberry's motion filed on April 9, 2004 to alter or amend this Court's order of April 2, 2004 denying petitioner a certificate of appealability (correcting last name of defendant in style of case) . Signed by Judge Truman M. Hobbs on 5/4/2004. (sql, ) (Entered: 05/04/2004) |
| 05/04/2004 | ❶912 | ORDER denying [904]second Motion as to Douglas Gene Mayberry (4) for certificate of appealability. Signed by Judge Truman M. Hobbs on 5/4/2004. (sql, ) (Entered: 05/04/2004) |
| 05/12/2004 | ❶ | Request for Record on Appeal By USCA Eleventh Circuit re 03-12979-EE 893 appeal No PDF document attached (ydw, ) (Entered: 05/21/2004) |
| 05/21/2004 | ❶ | Certified and Transmitted Record on Appeal as to Douglas Gene Mayberry to US Court of Appeals re 893 Notice of Appeal - Final Judgment, 03-12979-EE. No PDF document attached (ydw, ) (Entered: |

| | | 05/21/2004) |
|---|---|---|
| 06/08/2004 | ⏺913 | USCA ORDER On Petition for Writ of Mandamus to the United States District Court for the Middle District of Alabama: Douglas Gene Mayberry seeks a writ of mandamus directing the district court to rule on his pending amended motion to vacate, set aside, or correct sentence, 28U.S.C.2255, which was filed on December 3, 2001. The district court has recently indicated that a recommendation addressing Mayberry's amended 2255 motion is expected soon. Thus, it is clear that the case is moving forward in a expedient fashion. Accordingly, the petition for writ of mandamus is DISMISSED without prejudice to renewal if the district court does not rule on Mayberry's amended 2255 motion within 90 days of the date of this order. BEFORE: HULL and PRYOR, Circuit Judges. BY THE COURT: (ydw, ) (Entered: 06/10/2004) |
| 06/18/2004 | ⏺916 | REPORT AND RECOMMENDATIONS as to Douglas Gene Mayberry Objections to R&R due by 7/2/2004. Signed by Judge Vanzetta P. McPherson on 6/18/2004. (sql, ) (Entered: 06/18/2004) |
| 06/24/2004 | ⏺919 | OBJECTION TO REPORT AND RECOMMENDATIONS [915], [914], 916 by United States of America as to Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle (Attachments: # 1 United States v. Pruitt# 2 US v Saunders Recommendation of Magistrate Judge)(Moorer, Terry) (Entered: 06/24/2004) |
| 06/30/2004 | ⏺921 | OBJECTION TO REPORT AND RECOMMENDATIONS 916 by Douglas Gene Mayberry (sql, ) (Entered: 07/01/2004) |
| 07/02/2004 | ⏺922 | RESPONSE to government's objection to 916 REPORT AND RECOMMENDATIONS by Douglas Gene Mayberry (snc) (Entered: 07/06/2004) |
| 07/02/2004 | ⏺923 | Petitioner's response by Douglas Gene Mayberry to the government's objections re 916 REPORT AND RECOMMENDATIONS as to Douglas Gene Mayberry (sql, ) (Entered: 07/06/2004) |
| 07/21/2004 | ⏺927 | SUPPLEMENT OBJECTION TO REPORT AND RECOMMENDATIONS 916 by Douglas Gene Mayberry (sql, ) (Entered: 07/21/2004) |
| 08/31/2004 | ⏺ | Appeal Record (Four Vol. of Pleading and Six Vol. of Transcript) Returned from USCA as to Douglas Gene Mayberry : 893 Notice of Appeal - Final Judgment. There is no pdf document with this entry (ydw, ) (Entered: 09/01/2004) |
| 09/22/2004 | ⏺929 | MEMORANDUM OPINION AND ORDER as to Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle (1) adopting the recommendations of the Magistrate Judge (DNs 914-916), (2) overruling defendants' objections and supplemental objections, (3) sustaining the United States' objection to the recommendation of the Magistrate Judge, and DENYING [631, 740, 766] Motions to Vacate (2255) filed by Douglas Mayberry, Daaiyah Jameelah Mustafa, and Marlan Engle . |

| | | Signed by Judge Truman M. Hobbs on 9/22/04. (snc) (Entered: 09/22/2004) |
|---|---|---|
| 09/22/2004 | 930 | FINAL JUDGMENT as to Daaiyah Jameelah Mustafa, Douglas Gene Mayberry, Marlan Everett Engle entering judgment in favor of the USA and against defendants Engle, Mayberry and Mustafa (re 2255 motions) (terminating [842] Motion for Extension of Time to File filed by Marlan Everett Engle, [920] MOTION for Extension of Time to File filed by Marlan Everett Engle). Signed by Judge Truman M. Hobbs on 9/22/2004. (snc) (Entered: 09/22/2004) |
| 10/05/2004 | 931 | MOTION for Reconsideration, to Alter/Amend Judgment, and for Immediate Release by Douglas Gene Mayberry. (snc) (Entered: 10/05/2004) |
| 12/21/2004 | 937 | ORDER denying 931 Motion to Amend/Correct as to Douglas Gene Mayberry (4); denying 931 Motion Reconsideration and alter/amend for order of immediate release as to Douglas Gene Mayberry (4); denying 931 Motion for Reconsideration as to Douglas Gene Mayberry (4). Signed by Judge Truman M. Hobbs on 12/21/2004. (sql, ) Additional attachment(s) added on 2/24/2005 (sql, ). Modified on 2/24/2005 to correct PDF previously attached to reflect correct number (sql, ). (Entered: 12/21/2004) |
| 02/18/2005 | 938 | NOTICE OF APPEAL by Douglas Gene Mayberry to the US Court of Appeals Eleventh Circuit from 937 Order on Motion to Amend/Correct,, Order on Motion for Miscellaneous Relief, Order on Motion for Reconsideration, entered December 21, 2004. Copies mailed to USCA (ydw, ) (Entered: 02/18/2005) |
| 02/18/2005 | 939 | MOTION for Leave to Appeal In Forma Pauperis by Douglas Gene Mayberry. (ydw, ) (Entered: 02/18/2005) |
| 02/18/2005 | 940 | MOTION for Certificate of Appealability by Douglas Gene Mayberry. (ydw, ) (Entered: 02/18/2005) |
| 02/18/2005 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet and Order as to Douglas Gene Mayberry to US Court of Appeals re 938 Notice of Appeal - Final Judgment, (ydw, ) (Entered: 02/18/2005) |
| 02/24/2005 | 941 | NOTICE of Correction re 937 Order to correct PDF previously attached to reflect correct number (Attachments: # 1 corrected order to docket entry number 937)(sql, ) (Entered: 02/24/2005) |
| 02/28/2005 | | USCA Case Number as to Douglas Gene Mayberry 05-10990-B for 938 Notice of Appeal - Final Judgment, filed by Douglas Gene Mayberry. (ydw, ) (Entered: 02/28/2005) |
| 03/02/2005 | 942 | Received TRANSCRIPT Order Information Sheet from pro se plaintiff Douglas Gene Mayberry re 938 Notice of Appeal - Final Judgment, with following notation: "All necessary transcript(s) on file" (ydw, ) (Entered: 03/02/2005) |

| 03/03/2005 | 943 | ORDER granting 939 Motion for Leave to Appeal In Forma Pauperis as to Douglas Gene Mayberry (4); granting 940 Motion for Certificate of Appealability as to Douglas Gene Mayberry (4), and that the appeal in this cause is hereby certified, pursuant to 28 U.S.C. 1915(a), as taken in good faith. Signed by Judge Truman M. Hobbs on 03/03/05. (ydw, ) (Entered: 03/03/2005) |
| --- | --- | --- |
| 03/11/2005 | 944 | Received TRANSCRIPT Order Information Sheet from pro se plaintiff Douglas Gene Mayberry re 05-10990-B, 938 Notice of Appeal - Final Judgment, with following notation: "All necessary transcript(s) on file" (ydw, ) (Entered: 03/15/2005) |
| 03/31/2005 | | Certificate of Readiness to US Court of Appeals re 05-10990-BB, 938 Notice of Appeal (ydw, ) (Entered: 03/31/2005) |
| 04/01/2005 | | ***Motions terminated as to Douglas Gene Mayberry: [737] Motion to Alter JudgmentMotion to Amend/CorrectMotion to Amend/CorrectMotion for Miscellaneous ReliefMotion for Miscellaneous Relief filed by Douglas Gene Mayberry,, [706] Motion to Alter JudgmentMotion to Amend/CorrectMotion to Amend/Correct filed by Douglas Gene Mayberry,, [906] Motion for Miscellaneous Relief filed by Douglas Gene Mayberry,, [705] Motion to Alter JudgmentMotion to Amend/Correct filed by Douglas Gene Mayberry,, [742] Motion for New TrialMotion for Miscellaneous Relief filed by Douglas Gene Mayberry,, [732] Motion for New Trial filed by Douglas Gene Mayberry,. (sql, ) (Entered: 04/01/2005) |
| 05/03/2005 | | Request for Record on Appeal By USCA Eleventh Circuit RE: 05-10990-BB, 938 Notice of Appeal (ydw, ) (Entered: 05/03/2005) |
| 05/03/2005 | | Certified and Transmitted Record on Appeal as to Douglas Gene Mayberry to US Court of Appeals re 05-10990-BB, 938 Notice of Appeal - Final Judgment, (ydw, ) (Entered: 05/03/2005) |
| 05/09/2005 | | Acknowledgement of Receipt of Record on Appeal from USCA re 938 Notice of Appeal - Final Judgment (ydw, ) (Entered: 05/10/2005) |
| 02/01/2006 | 947 | Per Curiam Opinion received from USCA Eleventh Circuit of Opinion Entered on 11/30/2005;AFFIRMED (ydw, ) (Entered: 02/01/2006) |
| 02/01/2006 | 948 | JUDGMENT ISSUED AS MANDATE 1/31/06 of USCA (certified copy) as to Douglas Gene Mayberry re 938 Notice of Appeal - Final Judgment; AFFIRMED (ydw, ) (Entered: 02/01/2006) |
| 02/01/2006 | | Appeal Record Returned as to Douglas Gene Mayberry: 05-10990-BB, 938 Notice of Appeal - Final Judgment; PSI returned to USPO (ydw, ) (Entered: 02/01/2006) |
| 09/13/2006 | 949 | MOTION Alter/Amend Habeas Judgment by Douglas Gene Mayberry. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(sql, ) (Entered: 09/15/2006) |

| | | |
|---|---|---|
| 09/20/2006 | ❧950 | ORDER as to Douglas Gene Mayberry re 949 MOTION Alter/Amend Habeas Judgment filed by Douglas Gene Mayberry: directing the clerk of this court to open this pleading as a civil action under 28 USC 2255 as further set out.. Signed by Judge Vanzetta P. McPherson on 9/20/2006. (sql, ) (Entered: 09/20/2006) |