IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS GENE MAYBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06CV841-TMH-VPM |
| UNITED STATES OF AMERICA, | ) | [WO] |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion under FED.R.CIV.P. 60(b)(4) filed by federal inmate DOUGLAS GENE MAYBERRY ("Mayberry"), on 7 September 2006 (Doc. No. 2).[1] By his motion, Mayberry challenges the conviction and sentence imposed upon him by this court for laundering the money proceeds of a drug conspiracy. *See* Criminal Case No. 3:96CR51-TMH. For the reasons that follow, the court construes Mayberry's motion as successive motion for relief under 28 U.S.C. § 2255 and concludes that he is not entitled to any relief.

---

[1] Although Mayberry's self-styled Rule 60(b)(4) motion is date-stamped "received" on 13 September 2006, the court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, 7 September 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## I. DISCUSSION

In his motion, Mayberry contends that Count II of his indictment suffered from a jurisdictional defect because it charged multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. No. 2 at pp. 3-5.) Mayberry raised this same claim in a motion for relief under 28 U.S.C. § 2255 that he filed in this court on 4 August 2000. *See United States v. Mayberry*, Criminal Case No. 3:96CR51-TMH: *Motion to Vacate under 28 U.S.C. § 2255* (Doc. No. 748). The district court, however, found the claim to be meritless and decided the issue adversely to Mayberry. *Id*.: *Memorandum Opinion and Order of 22 September 2004* (Doc. No. 929) & *Final Judgment of District Court* (Doc. No. 930). Mayberry pursued this same claim in an appeal to the Eleventh Circuit Court of Appeals, which also ruled that the claim lacked merit. *See Mayberry v. United States*, No. 05-10990, 156 Fed.Appx. 265 (11th Cir. Nov. 30, 2005) (unpublished).

Though nominally a challenge to the integrity of the district court's judgment denying his previously filed § 2255 motion, Mayberry's present claim is really an attack on his money laundering conviction and resulting sentence. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (internal quotations and citation omitted). Moreover, Mayberry's Rule 60(b) motion is nothing more than an attempt to challenge the substance of the district court's previous resolution of this claim on the merits.

In *Gonzalez v. Crosby*, 545 U.S. 524, ___, 125 S.Ct. 2641, 2646-47 (2005), the Supreme Court held that a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." 125 S.Ct. 2641 at 2649. Thus, regardless of Mayberry's own labeling of the instant motion, this court concludes that his motion is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[2] Treating the instant motion as one under 28 U.S.C. § 2255, this would be a second or successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Mayberry has not received

---

[2] *See United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005) (unpublished) (stating that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings). *See also El-Amin v. United States*, No. 05-1276, 2006 WL 771182 (11th Cir. Mar. 28, 2006) (unpublished).

certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Mayberry's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Mayberry on 7 September 2006 (Doc. No. 2) be denied and this case dismissed, as Mayberry has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **11 October 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 27th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE