IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 OCT 13  A 9:41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DOUGLAS GENE MAYBERRY,            ]
          Plaintiff,              ]
                                  ]
                                  ]
     vs.                          ]  CIVIL ACTION NO.
                                  ]  3:06CV841-TMH-VPM
                                  ]  [WO]
UNITED STATES OF AMERICA,         ]
          Defendant.              ]

**OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

COMES NOW the plaintiff, DOUGLAS GENE MAYBERRY, acting pro se and without the aid of counsel, under the liberal standard as set forth for pro se litigants in Haines v. Kerner, 404 U.S. 519 (1972), and objects to the Recommendation of the Magistrate Judge, and states the following:

With all due respect to the Hon. U.S. Magistrate Judge Vanzetta Penn McPherson, Mayberry's Rule 60(b) motion does not address an attempt to challenge the substance of the district court's previous resolution of his habeas jurisdictional claim "on the merits" (Recommendation of the Magistrate Judge, pg. 2); concluding precertification by the Court of Appeals pursuant to § 2244(b)(3) is required. Conversely, the motion instead asserts that the previous ruling was in error due to a defect in the integrity of the federal habeas proceedings which precluded the [actual] merits determination of the claim; and therefore precertification is not required. See, Gonzalez v. Crosby, 125 S.Ct. 2641, 2648 (2005). ( A proper Rule 60(b) motion "attacks," not the substance of the federal court's resolution of a claim "on the merits" but some defect in the integrity of the federal habeas proceedings.)

The term "on the merits" has multiple usages.  <u>Gonzalez</u>, 125 S.Ct. at 2648 n.4 (citing, e.g., <u>Semtek Int'l v. Lockheed Martin Corp.</u>, 531 U.S. 497, 501-502, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)). The Supreme Court refers here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 225[5].  When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim (thereby requiring a successive "application" pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) codified at 28 U.S.C. § 2244(b)).  [But] he is not doing so when he merely asserts [as here] that a previous ruling which precluded a merits determination was in error.

A Rule 60(b) motion in a § 225[5] case is not to be treated as a successive habeas petition if it [as here] does not assert, or re-assert, claims of error in the movant's [] conviction.  A motion that, like petitioner's, challenges only the District [and Appeals] Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without pre-certification by the Court of Appeals pursuant to § 2244(b)(3).  <u>Id.</u>, at 2651.

Accordingly, in the instant action, only does Mayberry challenge the failure of the District and Appeals court to reach the merits of his jurisdictional claim.  As he fully demonstrates below, his Rule 60(b) motion does not address an attempt to challenge the substance of the district and appeals court's previous resolution of the habeas claim.  Instead, he asserts that both their previous rulings were in error due to defect(s) in the integrity of the federal habeas pro-

2

ceedings which precluded a merits determination (by either court) of his jurisdictional claim; as follows:

1. **The District Court's "integrity" Defect**.

In the District Court's Memorandum Opinion and Order (pg. 11 n. 2), the district court erroneously concluded United States, Appellee v. Mayberry, Appellant 1997 WL 33493641 (11th Cir. Sept. 28, 1997) was Mayberry's direct appeal Appellant Brief. Based on that erroneous "fact," the district court mistakenly ruled Mayberry had previously raised his jurisdictional claim on direct appeal (see Opinion, pp 4-5) and the court would [thus] not "reverse" the money laundering count [where] the Court of Appeals had based its holding on the sufficiency of the evidence to sustain the jury verdict. (Opinion, pg. 7).

Fortunately, correctly, the record is replete. On March 11, 1998, the Court of Appeals rejected that Anders brief originally filed in Mayberry's direct appeal behalf and directed counsel to properly file a merits brief. (See Attachment A: March 11, 1998 Court of Appeals Order addressing Mayberry's Motion to Strike Appointed Attorney's Anders Brief and Grant Appointed Counsel's Motion to Withdraw, pg. 2). But only did counsel subsequently file a one (1) issue merits brief; arguing: a fatal variance in the drug conspiracy charge of Count I. (See United States v. Mayberry Appellant Brief filed April 1998). Counsel did not argue any jurisdictional claim -- period; nor did the merits brief adopt any of Mayberry's codefendants' appellate claims. Therefore, no jurisdictional claim was raised in Mayberry's behalf -- pre-trial, at trial, or on direct appeal -- prior to his presentation of the claim in his federal habeas proceedings.

3

Thus, the "fact" that the District Court's previous ruling was resolved resultant its own erroneous procedural use of an appellant brief not filed in Mayberry's direct appeal behalf, to preclude a merits determination of his (finally presented) habeas jurisdictional claim, "a defect in the integrity of the federal habeas proceedings" did occur in the District Court.  See Gonzalez, 125 S.Ct. at 2648 n. 4 (A previous ruling which precluded a merits determination was in error).  Accordingly, the previous ruling by the District court was in error.  [Thus] a motion that, like petitioner's, challeng[ing] only the District court's failure to reach the merits ... can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).  Id., at 2651.  The petitioner's Rule 60(b)(4) motion is therefore entitled to proceed further.

## 2.  The Court of Appeals "integrity" Defect.

In the Court of Appeals' Opinion, the court held:

> "We have yet to address the distinction between a
> jurisdictionally defective indictment and a dupli-
> citous indictment.  However, the Second Circuit
> addressed this issue in the identical context as
> raised in this case, namely, whether an indictment
> charging multiple financial transactions as a
> criminal money laundering offense under 18 U.S.C.
> § 1956(a)(1)(A) 'states an offense which is cog-
> nizable, in the sense of charging conduct made
> illegal by statute.'   United States v. Moloney,
> 287 F.3d 236, 240 (2d Cir. 2002).

See Attachment B: Court of Appeals Opinion, pg. 4.  Thus the Court of Appeals resolved its ruling upon the petitioner's jurisdictional claim based upon the Second Circuit general rule interpretation in Moloney.  However, in its procedural use of that interpretation to resolved Mayberry's claim, the court "omitted" the Moloney general rule interpretation "allows multiple acts that are part of a single

4

scheme to be charged as a single count ... **provided that each act is
part of a unified scheme**." 287 F.3d at 241. (See Attachment B:
Court of Appeals' Opinion, pp. 1-6). The Court of Appeals' previous
ruling thus misapplied the general rule interpretation in Moloney to
resolve the "distinction" of Mayberry's habeas claim; such misappli-
cation thereby being "a defect in the integrity of the federal habeas
proceedings," see Gonzalez, at 2846 n.4, the previous ruling was in
error because it precluded the merits determination of the claim.
The petitioner's motion is entitled to proceed further without pre-
certification of the Court of Appeals pursuant to § 2244(b)(3). Id.,
at 2641.

3. **Mayberry's Rule 60(b)(4) Motion is Not a Successive Motion
for Relief under 28 U.S.C. § 2255 and therefore It is Not Due to be
Dismissed**.

Gonzalez instructs: Rule 60(b) applies in § 225[5] habeas proceed-
ings only "to the extent that [it is] not inconsistent with" applica-
ble federal statutes and rules. § 225[5] Rule 11. Because § 2244(b)
applies only where a court acts pursuant to a prisoner's "habeas cor-
pus application," the question here is whether a Rule 60(b) motion is
such an application. The text of § 2244(b) shows that, for these
purposes, a habeas application is a filing containing one or more
"claims." Other federal habeas statutes and [the Supreme] Court's
decisions also make clear that a "claim" is an asserted federal basis
for relief from a [federal] court conviction. If a Rule 60(b) motion
contains one or more "claims," the motion is, if not in substance a
"habeas corpus application," at least similar enough that failing to
subject it to AEDPA's restrictions on successive habeas petitions
would be "inconsistent with" the statute.

5

[Thus] a Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the [federal] conviction or attacks the federal court's previous resolution of a claim **on the merits**, though not if it merely attacks a defect in the federal habeas proceedings' integrity (as the petitioner demonstrates here).

When no "claim" is presented, there is no basis for contending that a Rule 60(b) motion should be treated like a habeas petition. If neither the motion itself nor the federal judgment which it seeks relief substantively addresses federal grounds for setting aside the movant's [federal] conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules. 125 S.Ct. at 2643-2644.

Petitioner's motion, which alleges that the federal courts' "defect(s) in the integrity of the federal habeas proceedings" fits this description. Nothing in Gonzalez (citing Calderon v. Thompson, 523 U.S. 538, 118 S.Ct. 1489, 150 L.Ed.2d 728 (1998), suggests that entertaining a filing confined to [such] **nonmerits** aspect of [Mayberry's] first federal habeas proceeding is "inconsistent with" AEDPA. 125 S.Ct. at 2644.

Therefore the motion does not qualify as a second or successive habeas petition under the Antiterrorism Effective and Death Penalty Act of 1996 (AEDPA). 28 U.S.C.A. § 2244(b); Fed.Rules Civ.Proc. Rule 60(b), 28 U.S.C.A. Gonzalez, supra.

6

## CONCLUSION

Concluding the Magistrate errs in her conclusion to "construe[ ] Mayberry's motion as successive motion for relief under 28 U.S.C. § 2255 and ... that he is not entitled to any relief." (Recommendation, pg. 1). The motion thus in not due to be dismissed. The petitioner therefore requests this Honorable Court to proceed on the motion as this Court may deem appropriate.

Respectfully submitted this 7th day of October, 2006.

Douglas G. Mayberry
70949-012    A1C
Post Office Box 7001
Taft, CA  93268-7001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Objection to Recommendation to the Magistrate Judge has been this 7th day of October, 2006, prepaid postage and properly addressed to the Office of the U.S. Attorney for the Middle District of Alabama, Post Office Box 197, Montgomery, Alabama  36101-0197.

Douglas G. Mayberry
Petitioner, Pro se

IN THE UNITED STATES COURT OF ~~APPEALS~~
FOR THE ELEVENTH CIRCUIT



No. 97-6217

D.C. Docket No. CR 96-51-E-7

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY LAVERNE PRUITT,
DOUGLAS GENE MAYBERRY, et al.

Defendants - Appellants.

Appeal from the United States District Court
for the Middle District of Alabama

O R D E R:

In this direct criminal appeal, Allen R. Stoner, counsel for
Douglas Gene Mayberry, has moved to withdraw from representation of
the appellant on the ground that an appeal would be wholly
frivolous.  Counsel has filed an accompanying brief pursuant to
<u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967).  Mayberry has filed a <u>pro se</u> motion requesting that this
Court grant counsel's motion to withdraw, and asserting several
appellate issues.

<u>Anders</u> requires that an attorney who finds an appeal wholly
frivolous and seeks to withdraw from further representation must
nevertheless remain in the role of an active advocate on behalf of
his client.  <u>Anders</u>, 386 U.S. at 744, 87 S.Ct. at 1400; <u>see also</u>
<u>United States v. Blackwell</u>, 767 F.2d 1486, 1488 (11th C:

DEFENDANT'S
EXHIBIT
#11

Thus, counsel must support the _Anders_ motion with a brief that sets out _any_ irregularities in the record that, although in his judgment are not a basis for appellate relief, might, in the judgment of his client or another court, be arguably meritorious. _Blackwell_, 767 F.2d at 1487. Counsel must also isolate the pages of the record relevant to those arguably meritorious points and cite relevant legal authority. _See United States v. Edwards_, 822 F.2d 1012, 1013 (11th Cir. 1987). A brief that fails to meet these minimum requirements is insufficient to aid the court in determining whether counsel is correct in asserting that the appeal is frivolous, and thus does not fulfill the requirements of _Anders_. _See Edwards_, 822 F.2d at 1013.

In the _Anders_ brief, counsel omits mention of, among other things, the sentencing objections. Consequently, the brief is inadequate to assist this Court in undertaking the review necessary. _See Edwards_, 822 F.2d at 1013. Furthermore, limited review of the record and the merit briefs filed on behalf of Mayberry's co-appellants leads to the conclusion that this appeal is not wholly frivolous as _Anders_ contemplates. The argument concerning a fatal variance between the indictment and the proof relating to multiple conspiracies, which counsel addressed in the _Anders_ brief, was raised on the merits by three co-appellants and might be raised on Mayberry's behalf as well.

Without commenting on the relative merits of the case, we conclude that this appeal does not appear to be wholly frivolous as contemplated by _Anders_. Accordingly, counsel's motion to withdraw is DENIED. He is hereby DIRECTED to file a merits brief that addresses the variance in the charge and proof relating to multiple

conspiracies, and any other issue counsel deems appropriate after a careful review of the files and records.

Mayberry's <u>pro se</u> "Motion to Strike Appointed Attorney's Anders Brief and Grant Appointed Attorney's Motion to Withdraw" is DENIED.


_____

UNITED STATES CIRCUIT JUDGE

**[DO NOT PUBLISH]**

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

---

**No. 05-10990**
**Non-Argument Calendar**

---

| FILED |
|---|
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| NOVEMBER 30, 2005 |
| THOMAS K. KAHN |
| CLERK |

D. C. Docket Nos. 00-01043-CV-H-E & 96-00051-CR-H-E

DOUGLAS GENE MAYBERRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---

**Appeal from the United States District Court**
**for the Middle District of Alabama**

---

**(November 30, 2005)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Douglas Mayberry appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Mayberry asserts count two of his indictment suffered from a jurisdictional defect because it charged multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A)(i).[1] The district court did not err in denying the motion, and we affirm.

When reviewing a district court's denial of a § 2255 motion, we review questions of law de novo and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir.), *cert. denied*, 125 S. Ct. 167 (2004). "A jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'" *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (citation omitted). An indictment suffers from a jurisdictional defect when it charges no crime at all. *Id.* at 1253; *United States v. Peter*, 310 F.3d 709, 713–715 (11th Cir. 2002) (citing *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980), for the proposition a district court lacks jurisdiction when an indictment alleges only a non-offense, or rather, when the government alleges a

---

[1] 18 U.S.C. § 1956(a)(1)(A)(i) provides that, "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity . . . ."

specific course of conduct outside the reach of the applicable statute). Courts "may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense" at any time while the case is pending. Fed. R. Crim. P. 12(b)(3)(B).

In *Peter*, we explained a jurisdictional defect in an indictment exists where the government alleges a specific course of conduct outside the reach of the applicable statute. *Peter*, 310 F.3d at 715. For instance, in *Meacham*, the court reversed the defendants' convictions for "conspiring to attempt" to import and possess with intent to distribute marijuana, holding Congress had not intended for the statutes at issue to create "the conceptually bizarre crime of conspiracy to attempt." *Meacham*, 626 F.2d at 507–09. In such instances, a defendant's "innocence of the charged offense appears from the very allegations made in the [indictment]. . . ." *Peter*, 310 F.3d at 715.

In contrast, "[a] count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997). Nevertheless, "[d]uplicity is not a fatal defect," *Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963), and an objection to a duplicitous indictment is waived if not raised before trial, Fed. R. Crim. P. 12(b)(3)(B). *See also United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir. 1994) (finding an

indictment duplicitous because it charged multiple financial transactions as a violation of 18 U.S.C. § 1956(a)(1)(B)(i), but holding the defendant waived this argument by failing to raise it before trial); *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir. 1997) (finding the defendant waived his duplicitous indictment argument by failing to raise it before trial). Notably, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002).

We have yet to address the distinction between a jurisdictionally defective indictment and a duplicitous indictment. However, the Second Circuit addressed this issue in the identical context as raised in this case, namely, whether an indictment charging multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A) "states an offense which is cognizable, in the sense of charging conduct made illegal by statute." *United States v. Moloney*, 287 F.3d 236, 240 (2d Cir. 2002). In addressing this issue, the court noted the defendant explicitly raised a jurisdictional defect claim and not a duplicity claim. *Id.* However, the court stated jurisdictional concerns:

> are only weakly implicated where it is claimed that an indictment fails to charge a cognizable offense because it charges a continuing offense even though Congress did not expressly prohibit a continuing offense. Because these claims acknowledge the illegality of the individual acts alleged, they do not truly implicate the possibility of an innocent person being convicted. Rather, these claims suggest that

4

the form of the indictment was wrong, in that it grouped offenses that could have been validly charged as individual counts into a collective count that, it might be argued, charges no crime. But claims that the indictment groups counts impermissibly are sufficiently addressed by the doctrine of duplicity, which inherently addresses the form of an indictment and protects against issues of confusion, pretrial notice, and jury compromises which are not implicated in this case. Raising such formalistic errors in framing an indictment to the level of jurisdictional defects exalts form over substance without providing any additional substantive benefit.

*Id.*

The above-cited language from *Moloney* supports our interpretation that Mayberry's jurisdictional defect argument is actually a duplicity argument. Moreover, those cases relied on by Mayberry, namely *United States v. Kramer*, 73 F.3d 1067, 1072 (11th Cir. 1996), and *United States v. Conley*, 826 F. Supp. 1536, 1544 (W.D. Pa. 1993), also support this interpretation, as those cases refer to duplicity problems with the allegation of multiple financial transactions in an indictment, not jurisdictional problems. As these cases demonstrate, Mayberry's objections are more appropriate as challenges to a duplicitous indictment, rather than a true jurisdictional challenge.

One of Mayberry's codefendants, Marlon Engle, argued on direct appeal that count two of the indictment was duplicitous. In doing so, Engle cited the *Conley* case at length in support of his argument. We rejected Engle's argument. *See United States v. Pruitt*, 174 F.3d 1215, 1221 (11th Cir. 1999). Thus, we reject

5

Mayberry's argument as well, and affirm the district court's denial of his § 2255 motion.

**AFFIRMED.**